# U.S. District Court
## District of North Dakota (Eastern)
## CIVIL DOCKET FOR CASE #: 3:22–cv–00116–PDW–ARS
### *Internal Use Only*

| | |
|---|---|
| Morehouse Enterprises, LLC et al v. Bureau of Alcohol, Tobacco, Firearms and Explosives et al | Date Filed: 07/05/2022 |
| Assigned to: Chief Judge Peter D. Welte | Jury Demand: None |
| Referred to: Magistrate Judge Alice R. Senechal | Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision |
| Cause: 05:702 Administrative Procedure Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Morehouse Enterprises, LLC**
*doing business as*
Bridge City Ordnance

represented by **Robert J Olson**
William J. Olson, P.C.
370 Maple Ave W
Ste 4
Vienna, VA 22180
703–356–5070
Fax: 703–356–5085
Email: rob@wjopc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Stock**
Vogel Law Firm (Fargo)
218 NP Avenue
PO Box 1389
Fargo, ND 58107–1389
701–237–6983
Email: rbslitgroup@vogellaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Stamboulieh**
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
601–852–3440
Email: stephen@sdslaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eliezer Jimenez**

represented by **Robert J Olson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Stock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Gun Owners of America, Inc.** | represented by | **Robert J Olson** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Stock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Gun Owners Foundation** | represented by | **Robert J Olson** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Stock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen Stamboulieh**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Arizona, State of** | represented by | **Anthony Roman Napolitano** |

Office of The Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004
602–542–8860
Email: anthony.napolitano@azag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**West Virginia, State of**      represented by   **Lindsay Sara See**
West Virginia Attorney General's Office
Charleston
1900 Kanawha Blvd. E, Bldg. 1, Rm. 26E
Charleston, WV 25305
304−558−2021
Fax: 304−558−0140
Email: lindsay.s.see@wvago.gov
*ATTORNEY TO BE NOTICED*

**Michael Ray Williams**
WV Attorney General's Office
1900 Kanawha Blvd. East
Bldg 1 Rm 26E
Charleston, WV 25305−0220
304−558−2021
Fax: 304−558−0140
Email: michael.r.williams@wvago.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alaska, State of**      represented by   **Aaron Peterson**
State of Alaska
1031 West 4th Ave
Ste 200
Anchorage, AK 99501
907−269−5232
Email: aaron.peterson@alaska.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arkansas, State of**      represented by   **Arkansas, State of**
PRO SE

**Plaintiff**

**Idaho, State of**      represented by   **Dayton P. Reed**
Idaho Office of the Attorney General
Civil Litigation
954 W. Jefferson St.
P.O. Box 83720
Ste 2nd Floor
Boise, ID 83720−0010
208−332−3558
Fax: 208−854−8073
Email: dayton.reed@ag.idaho.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Indiana, State of**

represented by **Indiana, State of**
PRO SE

**Plaintiff**

**Kansas, State of**

represented by **Kansas, State of**
PRO SE

**Plaintiff**

**Kentucky, Commonwealth of**

represented by **Aaron J. Silletto**
Commonwealth of Kentucky
Office of the Attorney General
700 Capital Avenue
Suite 118
Frankfort, KY 40601
502–696–5300
Email: aaron.silletto@ky.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Louisiana, State of**

represented by **Louisiana, State of**
PRO SE

**Plaintiff**

**Missouri, State of**

represented by **Dean John Sauer**
Office of The Missouri Attorney General
PO Box 899
Jefferson City, MO 65102
573–751–8870
Email: john.sauer@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Montana, State of**

represented by **Kathleen Smithgall**
Montana Department of Justice
215 N. Sanders St.
Helena, MT 59601
406–539–2269
Email: kathleen.smithgall@mt.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M.S. Dewhirst**
Montana Attorney General's Office
Montana Department of Justice
215 North Sanders
PO Box 201401
59620

Helena, MT 59620–1401
406–444–2026
Fax: 406–444–3549
Email: david.dewhirst@mt.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nebraska, State of**                    represented by   **Nebraska, State of**
PRO SE

**Plaintiff**

**Oklahoma, State of**                    represented by   **Bryan Cleveland**
Oklahoma Attorney General
Solicitor General Unit
313 NE 21st Street
Oklahoma City, OK 73105
405–522–1961
Email: bryan.cleveland@oag.ok.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**South Carolina, State of**              represented by   **James Emory Smith , Jr**
S.C. Attorney General's Office
P.O. Box 11549
Columbia, SC 29211
803–734–3680
Fax: 803–734–3677
Email: esmith@scag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Texas, State of**                       represented by   **Aaron Francis Reitz**
Office of the Attorney General of Texas
209 W. 14th Street
Ste 8th Floor
Austin, TX 78701
512–936–1989
Email: aaron.reitz@oag.texas.gov
*ATTORNEY TO BE NOTICED*

**Charles Eldred**
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548
Austin, TX 78723
512–936–1706
Email: charles.eldred@oag.texas.gov

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Utah, State of**     represented by     **Utah, State of**
PRO SE

**Plaintiff**

**Wyoming, State of**     represented by     **Ryan Schelhaas**
Wyoming Attorney General's Office
109 State Capitol
82002
Cheyenne, WY 82002
307–777–5786
Fax: 307–777–3687
Email: ryan.schelhaas@wyo.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bureau of Alcohol, Tobacco, Firearms**     represented by     **Daniel Riess**
**and Explosives**
DOJ–Civ
1100 L Street, N.W.
Washington, DC 20005
202–353–3098
Email: daniel.riess@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Martin M Tomlinson**
DOJ–Civ
1100 L Street, N.W.
Washington, DC 20005
202–353–4556
Email: martin.m.tomlinson@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Melissa H. Burkland**
U.S. Attorney's Office
655 1 Ave N Ste 250
Fargo, ND 58102
701–297–7400
Email: Melissa.Burkland@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Justice**     represented by     **Daniel Riess**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Martin M Tomlinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa H. Burkland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ATF**                                    represented by   **Daniel Riess**
*Director, Steven M. Dettelbach (formerly*                   (See above for address)
*Gary M. Restaino)*                                          *ATTORNEY TO BE NOTICED*

**Martin M Tomlinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa H. Burkland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Prosecutors Against Gun Violence**       represented by   **Lee S. Richards , III**
Perkins Coie LLP
1155 Avenue of the Americas
Ste 22nd Floor
New York, NY 10036
212–261–6859
Email: leerichards@perkinscoie.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Gun Owners for Safety**                  represented by   **Lisa Louise Beane**
Jones Day
90 South Seventh Street
Ste 4950
Minneapolis, MN 55402
612–217–8884
Email: lbeane@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Korge**
Jones Day
333 SE 2nd Ave #4400
Miami, FL 33131
305–606–3536
Email: akorge@jonesday.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Barbara Harding**
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
202–879–4681
Fax: 202–626–1700
Email: bharding@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Swize**
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001–2113
202–879–5417
Fax: 202–626–1700
Email: jswize@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Kiessling**
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
231–409–0427
Email: jkiessling@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Megan Ball**
Jones Day – Washington
51 Louisiana Ave NW
Washington, DC 20002
202–879–4644
Email: meball@jonesday.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Jason Perry**  represented by  **Lisa Louise Beane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Korge**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Barbara Harding**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Swize**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Kiessling**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Megan Ball**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Jonathan Gold**                    represented by   **Lisa Louise Beane**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Korge**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Barbara Harding**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer L. Swize**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Kiessling**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Megan Ball**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Scott Spreier**                  represented by  **Lisa Louise Beane**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Angela Korge**
                                                   (See above for address)
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Barbara Harding**
                                                   (See above for address)
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Jennifer L. Swize**
                                                   (See above for address)
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Joseph Kiessling**
                                                   (See above for address)
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Megan Ball**
                                                   (See above for address)
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**District of Columbia**           represented by  **Leo F. J. Wilking**
                                                   Wilking Law Firm
                                                   PO Box 3085
                                                   Fargo, ND 58108
                                                   701–356–6823
                                                   Email: lwilking@wilkinglaw.com
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**New Jersey, State of**           represented by  **Leo F. J. Wilking**
                                                   (See above for address)
                                                   *ATTORNEY TO BE NOTICED*

**Amicus**

**Pennsylvania, State of**         represented by  **Jacob Boyer**
                                                   PA Office of the Attorney General
                                                   1600 Arch Street
                                                   Suite 300
                                                   Philadelphia, PA 19103
                                                   267–768–3968

Email: jboyer@attorneygeneral.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**California, State of**                   represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Colorado, State of**                    represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Connecticut, State of**                 represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Delaware, State of**                    represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Hawaii, State of**                      represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Illinois, State of**                    represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Maine, State of**                       represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Maryland, State of**                    represented by   **Leo F. J. Wilking**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Massachusetts, State of**                represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**Michigan, State of**                     represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**Minnesota, State of**                    represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**New York, State of**                     represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**North Carolina, State of**               represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**Oregon, State of**                       represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**Rhode Island, State of**                 represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**Washington, State of**                   represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**Wisconsin, State of**                    represented by   **Leo F. J. Wilking**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**Brady United Against Gun Violence**      represented by   **Adam M. Katz**

Cooley LLP – Library
500 Boylston Street
Boston
Boston, MA 02116
617–937–2351
Email: akatz@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Grooms**
Cooley LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
202–776–2042
Email: dgrooms@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen R Hartnett**
Cooley LLP
3 Embarcadero Center
20th Floor
San Francisco, CA 94111–4004
415–693–2071
Email: khartnett@cooley.com
*ATTORNEY TO BE NOTICED*

**Rachel Alpert**
Cooley LLP – Library
MA
31 Henderson Street Unit 2
Arlington, MA 02446
857–275–2380
Email: ralpert@cooley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Everytown for Gun Safety Action Fund**    represented by    **Adam M. Katz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Grooms**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen R Hartnett**
(See above for address)
*ATTORNEY TO BE NOTICED*

Rachel Alpert
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**March for Our Lives**                    represented by  **Adam M. Katz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Grooms**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathleen R Hartnett**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel Alpert**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/05/2022 | 1 | | COMPLAINT against Bureau of Alcohol, Tobacco, Firearms and Explosives, Gary M. Restaino, United States Department of Justice (Filing fee $402, receipt number 300000056) filed by Eliezer Jimenez, Morehouse Enterprises, LLC, Gun Owners of America, Inc., Gun Owners Foundation. (Attachments: # 1 Exhibit 1–GOA FOIA Request Frame or Receiver 1968, # 2 Exhibit 2–No Records NARA, # 3 Exhibit 3–2022–TTBF–00018 Olson Signed FOIA Response Letter, # 4 Exhibit 4–Colt Classification, # 5 Exhibit 5–Roh Tentative Minute Order, # 6 Exhibit 6–546004092–M16 Receiver 3–1–1971, # 7 Exhibit 7–1977 FN FAL Upper Receiver, # 8 Exhibit 8–Motion in Limine ATF Opinion Letters, # 9 Exhibit 9–0453 0008 Case by Case Basis, # 10 Exhibit 10–Firearm 1968 Amendment, # 11 Exhibit 11–0049 ATF Classification 80 Percent, # 12 Exhibit 12–0050 ATF Classification 80 Percent, # 13 Exhibit 13–0051 ATF Classification 80 Percent, # 14 Exhibit 14–053 to 066 Classifications, # 15 Exhibit 15–ATF 69–70, # 16 Exhibit 16– 73–76 Classifications, # 17 Exhibit 17– 83–84 Classifications, # 18 Exhibit 18–Non Firearm Machining Instructions, # 19 Exhibit 19–ATF 137 Nonfirearm, # 20 Exhibit 20–ATF Unfinished 80 Percent Receivers, # 21 Exhibit 21–ATF 229 Davis Letter, # 22 Exhibit 22–ATF 253 Davis Letter, # 23 Exhibit 23–Sept 2012 ATF Letter, # 24 Exhibit 24–ATF Tech Bulletin 17–02 Solvent Traps, # 25 Exhibit 25–ATF 1986 Letter to Sylvia Daniel, # 26 Exhibit 26–2006 Letter Magnum Kit, # 27 Exhibit 27–Bridge City Ordnance Affidavit, # 28 Exhibit 28–US v Salas Exhibit, # 29 Exhibit 29–2021–0245 Acknowledgement Letter, # 30 Exhibit 30–00168 Comments from 1985 Study, # 31 Exhibit 31–2016 |

| | | | |
|---|---|---|---|
| | | | 4473, # <u>32</u> Exhibit 32–2020–4473, # <u>33</u> Exhibit 33–GOA Comments on Frame or Receiver, # <u>34</u> Exhibit 34–Letter Response Rep. Michael Cloud, # <u>35</u> Exhibit 35–ATF Tech Bulletin 20–01 Inline Filters, # <u>36</u> Exhibit 36–April 24 2017 Solvent Trap, # <u>37</u> Exhibit 37–August 2017 Solvent Traps, # <u>38</u> Exhibit 38–Form 1 Disapproval, # <u>39</u> Exhibit 39–Additional Steps Form 1, # <u>40</u> Exhibit 40–ATF PowerPoint Marking Halves, # <u>41</u> Exhibit 41–p265–271 for p267 Firearm on a Case by Case Basis, # <u>42</u> Exhibit 42–ATF Water Bottle Letter, # <u>43</u> Exhibit 43–P80 Warrant Excerpt, # <u>44</u> Exhibit 44–ATF Letter on SHF Uppers, # <u>45</u> Exhibit 45–2014 ATF Exhibit, # <u>46</u> Exhibit 46–2011 Letter Parts Kit with 80 Percent nto a GCA or NFA Firearm, # <u>47</u> Exhibit 47–June 2014 Examination, # <u>48</u> Exhibit 48–ATF PowerPoint, # <u>49</u> Exhibit 49–ATF Intelligence Assessment, # <u>50</u> Exhibit 50–Slide 14 AR15 20 Percent Receiver, # <u>51</u> Exhibit 51–AB286 District Court Rules in Favor of Polymer 80, # <u>52</u> Exhibit 52–Aug 4 2014 3311 302080, # <u>53</u> Exhibit 53–Gast Mfg ATF Letter, # <u>54</u> Exhibit 54–FOIA Filing Letters, # <u>55</u> Exhibit 55–ATF to Congressman, # <u>56</u> Exhibit 56–ATF Processing Goals, # <u>57</u> Exhibit 57–Not regulated Under GCA NFA, # <u>58</u> Exhibit 58–2011 Submission Sample, # <u>59</u> Exhibit 59–2011 to 2014 Submission Requests, # <u>60</u> Exhibit 60–Affidavit of Eliezer Jimenez, # <u>61</u> Exhibit 61–Affidavit of Kailey Patterson, # <u>62</u> Civil Cover Sheet)(pb) (Main Document 1 replaced to correct clerical error on 7/6/2022. NEF regenerated) (pb). (Entered: 07/05/2022) |
| 07/05/2022 | <u>2</u> | | NOTICE of Direct Assignment as to Gun Owners Foundation. Consent/Reassignment Form due by 7/19/2022. (pb) (Entered: 07/05/2022) |
| 07/05/2022 | <u>3</u> | | NOTICE of Direct Assignment as to Gun Owners of America, Inc.. Consent/Reassignment Form due by 7/19/2022. (pb) (Entered: 07/05/2022) |
| 07/05/2022 | <u>4</u> | | NOTICE of Direct Assignment as to Eliezer Jimenez. Consent/Reassignment Form due by 7/19/2022. (pb) (Entered: 07/05/2022) |
| 07/05/2022 | <u>5</u> | | NOTICE of Direct Assignment as to Morehouse Enterprises, LLC. Consent/Reassignment Form due by 7/19/2022. (pb) (Entered: 07/05/2022) |
| 07/05/2022 | <u>6</u> | | Summons Issued as to Bureau of Alcohol, Tobacco, Firearms and Explosives, Gary M. Restaino, United States Department of Justice, U.S. Attorney and U.S. Attorney General (pb) (Entered: 07/05/2022) |
| 07/08/2022 | <u>7</u> | | CONSENT/REASSIGNMENT FORM by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (sj) (Entered: 07/08/2022) |
| 07/08/2022 | 8 | | (Text Only) ORDER REASSIGNING CASE to Chief Judge Peter D. Welte, as presiding judge, and Magistrate Judge Alice R. Senechal, as referral judge, for all further proceedings by Chief Judge Peter D. Welte. Magistrate Judge Alice R. Senechal no longer assigned as presiding judge. (sj) (Entered: 07/08/2022) |
| 07/15/2022 | <u>9</u> | | Corporate Disclosure Statement by Gun Owners Foundation. (Stamboulieh, Stephen) (Entered: 07/15/2022) |
| 07/15/2022 | <u>10</u> | | Corporate Disclosure Statement by Gun Owners of America, Inc.. (Stamboulieh, Stephen) (Entered: 07/15/2022) |
| 07/15/2022 | <u>11</u> | | Corporate Disclosure Statement by Morehouse Enterprises, LLC. (Stamboulieh, Stephen) (Entered: 07/15/2022) |

| 07/25/2022 | 12 | | SUMMONS Returned Executed as to Bureau of Alcohol, Tobacco, Firearms and Explosives served on 7/25/2022, answer due 9/23/2022; Gary M. Restaino served on 7/25/2022, answer due 9/23/2022; United States Department of Justice served on 7/25/2022, answer due 9/23/2022., SUMMONS Returned Executed by Eliezer Jimenez; Morehouse Enterprises, LLC; Gun Owners of America, Inc.; Gun Owners Foundation. Bureau of Alcohol, Tobacco, Firearms and Explosives served on 7/25/2022, answer due 9/23/2022; Gary M. Restaino served on 7/25/2022, answer due 9/23/2022; United States Department of Justice served on 7/25/2022, answer due 9/23/2022 (Attachments: # 1 Proof of Delivery on ATF, # 2 Proof of Delivery on DC Civil Process Clerk, # 3 Proof of Delivery on Dept of Justice, # 4 Proof of Delivery on North Dakota Civil Process Clerk, # 5 Proof of Delivery on Gary Restaino, # 6 Proof of Delivery on US Atty General)(Stamboulieh, Stephen) (Main Document 12 replaced on 7/26/2022 to remove doubleheaders). Modified on 7/26/2022 to remove exhibit reference. (jb) (Entered: 07/25/2022) |
| 07/25/2022 | 13 | | MOTION for Leave to File Excess Pages by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (Stamboulieh, Stephen) (Entered: 07/25/2022) |
| 07/25/2022 | 14 | | MOTION for Preliminary Injunction by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (Attachments: # 1 Memorandum in Support)(Stamboulieh, Stephen) (Entered: 07/25/2022) |
| 07/25/2022 | 15 | | MOTION for Extension of Time to File Response/Reply as to 14 MOTION for Preliminary Injunction by Bureau of Alcohol, Tobacco, Firearms and Explosives, Gary M. Restaino, United States Department of Justice. (Burkland, Melissa) (Entered: 07/25/2022) |
| 07/25/2022 | 19 | | MOTION for Permanent Injunction by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. See document 14 . (jb) (Entered: 07/26/2022) |
| 07/26/2022 | 16 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting unopposed 13 Motion for Leave to File Excess Pages. (AS) (Entered: 07/26/2022) |
| 07/26/2022 | 17 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal. Plaintiffs' response to defendants' 15 MOTION for Extension of Time is due by close of business on 7/27/2022. (AS) (Entered: 07/26/2022) |
| 07/26/2022 | | | Set/Reset Deadlines as to 15 MOTION for Extension of Time to File Response/Reply as to 14 MOTION for Preliminary Injunction . Responses due by 7/27/2022. See text only order at 17 . (lf) (Entered: 07/26/2022) |
| 07/26/2022 | 18 | | RESPONSE to Motion re 15 MOTION for Extension of Time to File Response/Reply as to 14 MOTION for Preliminary Injunction filed by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (Stamboulieh, Stephen) (Entered: 07/26/2022) |
| 07/26/2022 | | | DOCKET CORRECTION re: 12 Summons Returned Executed. Clerk's office replaced document to remove doubleheaders and removed 'Exhibit' reference; re: 14 Motion for Preliminary Injunction. Multiple relief document filed as one relief. Clerk's office filed Motion for Permanent Injunction at 19 . (jb) (Entered: 07/26/2022) |

| 07/27/2022 | 20 | | NOTICE of Appearance by Daniel Riess on behalf of All Defendants (Riess, Daniel) (Entered: 07/27/2022) |
|---|---|---|---|
| 07/27/2022 | 21 | | REPLY to Response to Motion re 15 MOTION for Extension of Time to File Response/Reply as to 14 MOTION for Preliminary Injunction filed by Bureau of Alcohol, Tobacco, Firearms and Explosives, Gary M. Restaino, United States Department of Justice. (Riess, Daniel) (Entered: 07/27/2022) |
| 07/27/2022 | 22 | | AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF against Bureau of Alcohol, Tobacco, Firearms and Explosives, Steven M. Dettelbach, United States Department of Justice filed by Oklahoma, State of, Nebraska, State of, Texas, State of, Alaska, State of, Utah, State of, Kansas, State of, Missouri, State of, West Virginia, State of, Morehouse Enterprises, LLC, Idaho, State of, Wyoming, State of, Eliezer Jimenez, Montana, State of, Arizona, State of, Arkansas, State of, Kentucky, Commonwealth of, Louisiana, State of, South Carolina, State of, Gun Owners Foundation, Indiana, State of, Gun Owners of America, Inc. (Attachments: # 1 Exhibit 1–GOA FOIA Request Frame or Receiver 1968, # 2 Exhibit 2–No Records NARA, # 3 Exhibit 3–2022–TTBF–00018 Olson Signed FOIA Response Letter, # 4 Exhibit 4–Colt Classification, # 5 Exhibit 5–Roh Tentative Minute Order, # 6 Exhibit 6–546004092–M16 Receiver 3–1–1971, # 7 Exhibit 7–1977 FN FAL Upper Receiver, # 8 Exhibit 8–Motion in Limine ATF Opinion Letters, # 9 Exhibit 9–0453 0008 Case by Case Basis, # 10 Exhibit 10–Firearm 1968 Amendment, # 11 Exhibit 11–0049 ATF Classification 80 Percent, # 12 Exhibit 12–0050 ATF Classification 80 Percent, # 13 Exhibit 13–0051 ATF Classification 80 Percent, # 14 Exhibit 14–053 to 066 Classifications, # 15 Exhibit 15–ATF 69–70, # 16 Exhibit 16– 73–76 Classifications, # 17 Exhibit 17– 83–84 Classifications, # 18 Exhibit 18–Non Firearm Machining Instructions, # 19 Exhibit 19–ATF 137 Nonfirearm, # 20 Exhibit 20–ATF Unfinished 80 Percent Receivers, # 21 Exhibit 21–ATF 229 Davis Letter, # 22 Exhibit 22–ATF 253 Davis Letter, # 23 Exhibit 23–Sept 2012 ATF Letter, # 24 Exhibit 24–ATF Tech Bulletin 17–02 Solvent Traps, # 25 Exhibit 25–ATF 1986 Letter to Sylvia Daniel, # 26 Exhibit 26–2006 Letter Magnum Kit, # 27 Exhibit 27–Bridge City Ordnance Affidavit, # 28 Exhibit 28–US v Salas Exhibit, # 29 Exhibit 29–2021–0245 Acknowledgement Letter, # 30 Exhibit 30–00168 Comments from 1985 Study, # 31 Exhibit 31–2016 4473, # 32 Exhibit 32–2020–4473, # 33 Exhibit 33–GOA Comments on Frame or Receiver, # 34 Exhibit 34–Letter Response Rep. Michael Cloud, # 35 Exhibit 35–ATF Tech Bulletin 20–01 Inline Filters, # 36 Exhibit 36–April 24 2017 Solvent Trap, # 37 Exhibit 37–August 2017 Solvent Traps, # 38 Exhibit 38–Form 1 Disapproval, # 39 Exhibit 39–Additional Steps Form 1, # 40 Exhibit 40–ATF PowerPoint Marking Halves, # 41 Exhibit 41–p265–271 for p267 Firearm on a Case by Case Basis, # 42 Exhibit 42–ATF Water Bottle Letter, # 43 Exhibit 43–P80 Warrant Excerpt, # 44 Exhibit 44–ATF Letter on SHF Uppers, # 45 Exhibit 45–2014 ATF Exhibit, # 46 Exhibit 46–2011 Letter Parts Kit with 80 Percent nto a GCA or NFA Firearm, # 47 Exhibit 47–June 2014 Examination, # 48 Exhibit 48–ATF PowerPoint, # 49 Exhibit 49–ATF Intelligence Assessment, # 50 Exhibit 50–Slide 14 AR15 20 Percent Receiver, # 51 Exhibit 51–AB286 District Court Rules in Favor of Polymer 80, # 52 Exhibit 52–Aug 4 2014 3311 302080, # 53 Exhibit 53–Gast Mfg ATF Letter, # 54 Exhibit 54–FOIA Filing Letters, # 55 Exhibit 55–ATF to Congressman, # 56 Exhibit 56–ATF Processing Goals, # 57 Exhibit 57–Not regulated Under GCA NFA, # 58 |

| | | | |
|---|---|---|---|
| | | | Exhibit 58–2011 Submission Sample, # 59 Exhibit 59–2011 to 2014 Submission Requests, # 60 Exhibit 60–Affidavit of Eliezer Jimenez, # 61 Exhibit 61–Affidavit of Kailey Patterson)(pb) Modified to correct exhibit description to Attachment 60 on 7/29/2022. NEF regenerated (pb). (Entered: 07/28/2022) |
| 07/29/2022 | 23 | | ORDER by Magistrate Judge Alice R. Senechal granting in part and denying in part 15 Motion for Extension of Time to File Response as to 14 MOTION for Preliminary Injunction and 19 MOTION for Permanent Injunction. Response due by 8/15/2022. Reply due by 8/19/2022. (AS) (Entered: 07/29/2022) |
| 07/29/2022 | 24 | | NOTICE by Montana, State of, re 19 MOTION for Permanent Injunction, 14 MOTION for Preliminary Injunction *Plaintiff States Notice of Joinder* (Dewhirst, David) Modified on 8/1/2022 to remove incorrect filers (mf) (Entered: 07/29/2022) |
| 08/01/2022 | | | DOCKET CORRECTION re: 24 Notice. Clerk's Office removed incorrect filers Alaska, State of, Arizona, State of, Arkansas, State of, Idaho, State of, Indiana, State of, Kansas, State of, Kentucky, Commonwealth of, Louisiana, State of, Missouri, State of, Nebraska, State of, Oklahoma, State of, South Carolina, State of, Texas, State of, Utah, State of, West Virginia, State of, Wyoming, State of. (mf) (Entered: 08/01/2022) |
| 08/01/2022 | 25 | | MOTION Oral Argument re 19 MOTION for Permanent Injunction, 14 MOTION for Preliminary Injunction by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (Stamboulieh, Stephen) (Entered: 08/01/2022) |
| 08/01/2022 | 26 | | NOTICE of Appearance by Anthony Roman Napolitano on behalf of Arizona, State of (Napolitano, Anthony) (Entered: 08/01/2022) |
| 08/01/2022 | 27 | | MOTION for Leave to File Excess Pages by ATF, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice. (Riess, Daniel) (Entered: 08/01/2022) |
| 08/02/2022 | 28 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 27 Motion for Leave to File Excess Pages. (KT) (Entered: 08/02/2022) |
| 08/03/2022 | 29 | | MOTION to Appear Pro Hac Vice Attorney Bryan Cleveland (Filing fee $150, receipt number ANDDC–2475613) by Oklahoma, State of. (Cleveland, Bryan) Modified on 8/3/2022 to add receipt number (cjs). (Entered: 08/03/2022) |
| 08/03/2022 | 30 | | MOTION to Appear Pro Hac Vice Attorney Aaron J. Silletto (Filing fee $150, receipt number ANDDC–2475632) by Kentucky, Commonwealth of. (Silletto, Aaron) Modified on 8/3/2022 to add receipt number (mf) (Entered: 08/03/2022) |
| 08/03/2022 | 31 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 29 Motion to Appear Pro Hac Vice for Attorney Bryan Cleveland. (cjs) (Entered: 08/03/2022) |
| 08/03/2022 | 32 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 30 Motion to Appear Pro Hac Vice for Attorney Aaron Silletto. (mf) (Entered: 08/03/2022) |
| 08/05/2022 | 33 | | MOTION to Appear Pro Hac Vice Attorney Dayton P. Reed (Filing fee $150, receipt number ANDDC–2478576) by Idaho, State of. (Reed, Dayton) |

| | | | |
|---|---|---|---|
| | | | Modified on 8/8/2022 to add receipt number (cjs). (Entered: 08/05/2022) |
| 08/08/2022 | 34 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 33 Motion to Appear Pro Hac Vice for Attorney Dayton P. Reed. (cjs) (Entered: 08/08/2022) |
| 08/11/2022 | 35 | | MOTION to Appear Pro Hac Vice Attorney Aaron C. Peterson (Filing fee $150, receipt number: ANDDC−2482906) by Alaska, State of. (Peterson, Aaron) (Main Document 35 replaced on 8/11/2022 to non−fillable PDF). (sj). Modified on 8/11/2022 to add receipt number. NEF Regenerated. (sj). (Entered: 08/11/2022) |
| 08/11/2022 | 36 | | NOTICE by Alaska, State of, Arizona, State of, Idaho, State of, Kentucky, Commonwealth of, Missouri, State of, Oklahoma, State of, South Carolina, State of, and Texas, State of re 19 MOTION for Permanent Injunction, 14 MOTION for Preliminary Injunction *Notice of Joinder in Motion for Preliminary Injunction and Motion for Permanent Injunction* (Peterson, Aaron) Modified on 8/16/2022 to add additional filers from the signature line because the attorneys for the added additional filers have now been admitted to practice in North Dakota. NEF regenerated. (lf) (Entered: 08/11/2022) |
| 08/11/2022 | 37 | | MOTION to Appear Pro Hac Vice Attorney Aaron Reitz (Filing fee $150, receipt number: ANDDC−2482606) by Texas, State of. (Reitz, Aaron) Modified on 8/11/2022 to add receipt number. (sj). (Entered: 08/11/2022) |
| 08/11/2022 | 38 | | MOTION to Appear Pro Hac Vice Attorney Charles Eldred (Filing fee $150, receipt number ANDDC−2482964) by Texas, State of. (Eldred, Charles) Modified on 8/11/2022 to add receipt number(cjs). (Entered: 08/11/2022) |
| 08/11/2022 | 39 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 38 Motion to Appear Pro Hac Vice for Attorney Charles Eldred. (cjs) (Entered: 08/11/2022) |
| 08/11/2022 | 40 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 35 Motion to Appear Pro Hac Vice for Attorney Aaron C. Peterson, granting 37 Motion to Appear Pro Hac Vice for Attorney Aaron Reitz. (sj) (Entered: 08/11/2022) |
| 08/12/2022 | 41 | | MOTION to Appear Pro Hac Vice Attorney J Emory Smith (Filing fee $150, receipt number ANDDC−2483943) by South Carolina, State of. (Smith, James) Modified on 8/12/2022 to add receipt number (mf) (Entered: 08/12/2022) |
| 08/12/2022 | 42 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 41 Motion to Appear Pro Hac Vice for Attorney James Emory Smith, Jr. (mf) (Entered: 08/12/2022) |
| 08/15/2022 | 43 | | RESPONSE to Motion re 19 MOTION for Permanent Injunction, 14 MOTION for Preliminary Injunction filed by ATF, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice. (Attachments: # 1 Exhibit 1 − Split "Frame or Receiver" Examples, # 2 Exhibit 2 − "Multi−Piece Frame or Receiver" Examples)(Riess, Daniel) Modified on 8/16/2022 to add Exhibit descriptions. (sj). (Entered: 08/15/2022) |
| 08/15/2022 | 44 | | MOTION for Leave to File *Amici Curiae Brief* by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. (Attachments: # 1 Exhibit A − Proposed Amici Curiae Brief)(Beane, Lisa) Modified on 8/16/2022 to add Exhibit |

| | | | |
|---|---|---|---|
| | | | description. (sj). (Entered: 08/15/2022) |
| 08/16/2022 | | | DOCKET CORRECTION re: 43 RESPONSE to Motion and 44 MOTION for Leave to File. Clerk's Office added Exhibit descriptions. (sj) (Entered: 08/16/2022) |
| 08/16/2022 | 45 | | MOTION to Appear Pro Hac Vice Attorney Megan E. Ball (Filing fee $150, receipt number ANDDC−2485963) by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. (Ball, Megan) Modified on 8/16/2022 to add receipt number (mf) (Entered: 08/16/2022) |
| 08/16/2022 | 46 | | MOTION to Appear Pro Hac Vice Attorney Barbara Harding (Filing fee $150, receipt number ANDDC−2485966) by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. (Harding, Barbara) Modified on 8/16/2022 to add receipt number (mf) (Main Document 46 replaced on 8/18/2022 to correct error in document) NEF Regenerated (mf) (Entered: 08/16/2022) |
| 08/16/2022 | 47 | | MOTION to Appear Pro Hac Vice Attorney Joseph J. Kiessling (Filing fee $150, receipt number ANDDC−2485969) by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. (Kiessling, Joseph) Modified on 8/16/2022 to add receipt number (mf) (Entered: 08/16/2022) |
| 08/16/2022 | 48 | | MOTION to Appear Pro Hac Vice Attorney Angela A. Korge (Filing fee $150, receipt number ANDDC−2485972) by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. (Korge, Angela) Modified on 8/16/2022 to add receipt number (mf) (Entered: 08/16/2022) |
| 08/16/2022 | 49 | | MOTION to Appear Pro Hac Vice Attorney Jennifer L. Swize (Filing fee $150, receipt number ANDDC−2485975) by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. (Swize, Jennifer) Modified on 8/18/2022 to add receipt number (mf) (Entered: 08/16/2022) |
| 08/16/2022 | 50 | | *RESTRICTED – WRONG DOCUMENT ATTACHED* MOTION for Leave to File *Amici Brief* by California, State of, Colorado, State of, Connecticut, State of, Delaware, State of, District of Columbia, Hawaii, State of, Illinois, State of, Maine, State of, Maryland, State of, Massachusetts, State of, Michigan, State of, Minnesota, State of, New Jersey, State of, New York, State of, North Carolina, State of, Oregon, State of, Pennsylvania, State of, Rhode Island, State of, Washington, State of, Wisconsin, State of. (Wilking, Leo) Modified on 8/17/2022 to restrict access. (sj). (Entered: 08/16/2022) |
| 08/16/2022 | 51 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 44 Motion for Leave to File to File Amici Curiae Brief by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. Movants are directed to file the proposed brief. (AS) (Entered: 08/16/2022) |
| 08/16/2022 | 52 | | BRIEF of Amici Curiae in Support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary and/or Permanent Injunction at 43 RESPONSE to Motion by Jonathan Gold, Gun Owners for Safety, Jason Perry, Scott Spreier. (Beane, Lisa) Modified on 8/17/2022 to add link. (sj). (Entered: 08/16/2022) |
| 08/16/2022 | 53 | | MOTION to Appear Pro Hac Vice Attorney Jacob Boyer (Filing fee $150, receipt number ANDDC−2486131) by Pennsylvania, State of. (Boyer, Jacob) Modified on 8/16/2022 to add receipt number (cjs). (Entered: 08/16/2022) |
| 08/16/2022 | 54 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Appear Pro Hac Vice Attorney Adam M. Katz (Filing fee $150, receipt number ANDDC–2486134) by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. (Katz, Adam) Modified on 8/16/2022 to add receipt number (cjs). (Entered: 08/16/2022) |
| 08/16/2022 | 55 | | *RESTRICTED–FILED IN ERROR* MOTION for Leave to File *Motion of Gun Violence Prevention Groups for Leave to File Brief as Amici Curiae* by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. (Attachments: # 1 Exhibit 1: Proposed Brief, # 2 Exhibit 2: Proposed Order)(Katz, Adam) Modified on 8/16/2022 to restrict access (cjs). (Entered: 08/16/2022) |
| 08/16/2022 | 56 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 45 Motion to Appear Pro Hac Vice for Attorney Megan E. Ball; granting 47 Motion to Appear Pro Hac Vice for Attorney Joseph J. Kiessling.; granting 48 Motion to Appear Pro Hac Vice for Attorney Angela A. Korge. (mf) (Entered: 08/16/2022) |
| 08/16/2022 | | | DOCKET CORRECTION re: 55 Motion for Leave to File. Filed in error. Clerk's Office restricted access to document. Attorney Adam M. Katz's Motion to Appear Pro Hac Vice has not yet been granted. (cjs) (Entered: 08/16/2022) |
| 08/16/2022 | 57 | | MOTION to Appear Pro Hac Vice Attorney Rachel Alpert (Filing fee $150, receipt number ANDDC–2486172) by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. (Alpert, Rachel) Modified on 8/17/2022 to add receipt number (mf) (Entered: 08/16/2022) |
| 08/16/2022 | 58 | | MOTION to Appear Pro Hac Vice Attorney Daniel Grooms (Filing fee $150, receipt number ANDDC–2486195) by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. (Grooms, Daniel) Modified on 8/17/2022 to add receipt number (mf) (Entered: 08/16/2022) |
| 08/16/2022 | 59 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 53 Motion to Appear Pro Hac Vice for Attorney Jacob Boyer. (cjs) (Entered: 08/16/2022) |
| 08/17/2022 | 60 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 54 Motion to Appear Pro Hac Vice for Attorney Adam M. Katz. (cjs) (Entered: 08/17/2022) |
| 08/17/2022 | 61 | | MOTION for Leave to File *Motion of Gun Violence Prevention Groups for Leave to File Brief as Amici Curiae* by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. (Attachments: # 1 Exhibit 1: Proposed Brief, # 2 Exhibit 2: Proposed Order)(Katz, Adam) (Entered: 08/17/2022) |
| 08/17/2022 | 62 | | MOTION to Appear Pro Hac Vice Attorney Lee S. Richards (Filing fee $150, receipt number: ANDDC–2486490) by Prosecutors Against Gun Violence. (Richards, Lee) Modified on 8/17/2022 to add receipt number. (sj). (Entered: 08/17/2022) |
| 08/17/2022 | 63 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 57 Motion to Appear Pro Hac Vice for Attorney Rachel Alpert; granting 58 Motion to Appear Pro Hac Vice for Attorney Daniel Grooms (mf) (Entered: |

| | | | |
|---|---|---|---|
| | | | 08/17/2022) |
| 08/17/2022 | | | DOCKET CORRECTION re: 50 MOTION for Leave to File Amici Brief. Wrong document attached. Clerk's Office restricted access. (sj) (Entered: 08/17/2022) |
| 08/17/2022 | | | DOCKET CORRECTION re: 52 BRIEF. Clerk's Office added a link. (sj) (Entered: 08/17/2022) |
| 08/17/2022 | 64 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 61 Motion for Leave to File Amici Curiae Brief by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. Movants are directed to file the proposed brief. (KT) (Entered: 08/17/2022) |
| 08/17/2022 | 65 | | BRIEF *Amici Curiae* by California, State of, Colorado, State of, Connecticut, State of, Delaware, State of, District of Columbia, Hawaii, State of, Illinois, State of, Maine, State of, Maryland, State of, Massachusetts, State of, Michigan, State of, Minnesota, State of, New Jersey, State of, New York, State of, North Carolina, State of, Oregon, State of, Pennsylvania, State of, Rhode Island, State of, Washington, State of, Wisconsin, State of. (Wilking, Leo) (Entered: 08/17/2022) |
| 08/17/2022 | 66 | | BRIEF of Amici Curiae Gun Violence Prevention Groups in Support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction at 43 RESPONSE to Motion by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. (Katz, Adam) Modified on 8/18/2022 to add link. (sj). (Entered: 08/17/2022) |
| 08/17/2022 | 67 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 62 Motion to Appear Pro Hac Vice for Attorney Lee S. Richards. (sj) (Entered: 08/17/2022) |
| 08/17/2022 | 68 | | NOTICE of Hearing: Status Conference set for 8/19/2022 at 09:00 AM in by video conference before Chief Judge Peter D. Welte. Chambers will provide all parties the video conference connection information via email. (EA) (Entered: 08/17/2022) |
| 08/17/2022 | 69 | | MOTION for Leave to File *Amicus Brief* by Prosecutors Against Gun Violence. (Attachments: # 1 Exhibit A – Proposed Amicus Brief, # 2 Exhibit A–1 – Declaration of John Musto in Support of Amicus Brief, # 3 Exhibit A–2 – Declaration of Christopher Mastroianni in Support of Amicus Brief, # 4 Exhibit A–3 – Declaration of Adrian Z. Diaz in Support of Amicus Brief, # 5 Exhibit B – Proposed Order)(Richards, Lee) (Entered: 08/17/2022) |
| 08/17/2022 | 70 | | MOTION for Leave to File Excess Pages *Unopposed* by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (Stamboulieh, Stephen) (Entered: 08/17/2022) |
| 08/18/2022 | 71 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 49 Motion to Appear Pro Hac Vice for Attorney Jennifer Swize. (mf) (Entered: 08/18/2022) |
| 08/18/2022 | 72 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 69 Motion for Leave to File by Prosecutors Against Gun Violence. Movants are directed to file the proposed brief. (KT) (Entered: 08/18/2022) |

| | | | |
|---|---|---|---|
| 08/18/2022 | 73 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 70 Unopposed Motion for Leave to File Excess Pages. (KT) (Entered: 08/18/2022) |
| 08/18/2022 | 74 | | NOTICE of Appearance by Ryan Schelhaas on behalf of Wyoming, State of (Schelhaas, Ryan) (Entered: 08/18/2022) |
| 08/18/2022 | 75 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 46 Motion to Appear Pro Hac Vice for Attorney Barbara Harding. (mf) (Entered: 08/18/2022) |
| 08/18/2022 | 76 | | MOTION to Appear Pro Hac Vice Attorney Kathleen Hartnett (Filing fee $150, receipt number ANDDC–2487886) by Brady United Against Gun Violence, Everytown for Gun Safety Action Fund, March for Our Lives. (Hartnett, Kathleen) Modified on 8/18/2022 to add receipt number (mf) (Entered: 08/18/2022) |
| 08/18/2022 | 77 | | (Text Only) ORDER by Magistrate Judge Alice R. Senechal granting 76 Motion to Appear Pro Hac Vice for Attorney Kathleen Hartnett. (mf) (Entered: 08/18/2022) |
| 08/19/2022 | 78 | | REPLY to Response to Motion re 19 MOTION for Permanent Injunction, re 14 MOTION for Preliminary Injunction filed by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (Stamboulieh, Stephen) Modified on 8/22/2022 to add link. (sj). (Entered: 08/19/2022) |
| 08/19/2022 | 79 | | NOTICE of Appearance by Martin M Tomlinson on behalf of ATF, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice (Tomlinson, Martin) (Entered: 08/19/2022) |
| 08/19/2022 | 80 | | Minute Entry for proceedings held before Chief Judge Peter D. Welte: Status Conference held on 8/19/2022. (Court Reporter KK) (td) (Entered: 08/19/2022) |
| 08/22/2022 | 81 | | NOTICE of Appearance by Lindsay Sara See on behalf of West Virginia, State of (See, Lindsay) (Entered: 08/22/2022) |
| 08/22/2022 | 82 | | NOTICE of Appearance by Michael Ray Williams on behalf of West Virginia, State of (Williams, Michael) (Entered: 08/22/2022) |
| 08/22/2022 | | | DOCKET CORRECTION re: 78 REPLY to Response to Motion. Clerk's Office added link. (sj) (Entered: 08/22/2022) |
| 08/22/2022 | 83 | | SUPPLEMENT to document: 19 MOTION for Permanent Injunction, 14 MOTION for Preliminary Injunction by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. (Stamboulieh, Stephen) (Entered: 08/22/2022) |
| 08/23/2022 | 84 | | BRIEF Amici Curiae by 17 Major Cities and Prosecutors Against Gun Violence in Support of Defendants' Opposition to Plaintiffs' Motion for A Preliminary Injunction at 43 RESPONSE to Motion by Prosecutors Against Gun Violence. (Attachments: # 1 Exhibit A–1 Declaration of John Musto in Support of Amicus Brief, # 2 Exhibit A–2 Declaration of Christopher Mastroianni in Support of Amicus Brief, # 3 Exhibit A–3 Declaration of Adrian Z. Diaz in Support of Amicus Brief)(Richards, Lee) Modified on 8/24/2022 to add a link and exhibit letters/numbers to attachment descriptions. (sj). (Entered: 08/23/2022) |

| 08/23/2022 | 85 | | ORDER by Chief Judge Peter D. Welte finding as moot 25 Motion Oral Argument; denying 14 Motion for Preliminary Injunction; denying 19 Motion for Permanent Injunction (JS) (Main Document 85 replaced on 8/23/2022 to correct typographical errors per Chambers). NEF Regenerated. (sj). (Entered: 08/23/2022) |
|---|---|---|---|
| 08/24/2022 | | | DOCKET CORRECTION re: 84 BRIEF. Clerk's Office added a link and exhibit letters/numbers to attachment descriptions. (sj) (Entered: 08/24/2022) |
| 08/25/2022 | 86 | | *RESTRICTED – WRONG EVENT SELECTED* NOTICE OF APPEAL as to 85 Order on Motion for Miscellaneous Relief,, Order on Motion for Preliminary Injunction,, Order on Motion for Permanent Injunction, by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. Filing fee $505. (Stamboulieh, Stephen) Modified on 8/25/2022 to restrict access. (jb) (Entered: 08/25/2022) |
| 08/25/2022 | 87 | | NOTICE OF INTERLOCUTORY APPEAL as to 85 Order on Motion for Miscellaneous Relief,, Order on Motion for Preliminary Injunction,, Order on Motion for Permanent Injunction, by Gun Owners Foundation, Gun Owners of America, Inc., Eliezer Jimenez, Morehouse Enterprises, LLC. Filing fee $ 505 Receipt # ANDDC–2492795. (jb) (Entered: 08/25/2022) |
| 08/25/2022 | | | DOCKET CORRECTION re: 86 Notice of Appeal. Wrong event selected. Clerk's office restricted access to document and re–filed as Notice of Interlocutory Appeal at 87 . (jb) (Entered: 08/25/2022) |
| 08/25/2022 | 88 | | Transmittal of Notice of Appeal Supplement to 8th Circuit Court of Appeals re 87 Notice of Interlocutory Appeal, (jb) (Entered: 08/25/2022) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| Morehouse Enterprises, LLC, d/b/a/ Bridge City Ordnance, et al., | ) ) | |
| | ) | **ORDER DENYING MOTION FOR** |
| Plaintiffs, | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| vs. | ) | Case No. 3:22-cv-116 |
| | ) | |
| Bureau of Alcohol, Tobacco, Firearms and Explosives, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

On April 26, 2022, in response to evolving technical advances in firearms technology, the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") promulgated a final rule updating decades-old definitions within its longstanding regulations of federal firearms laws. See Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (April 26, 2022) (to be codified at 27 C.F.R. pts. 447, 478, and 479) (the "Final Rule"). At bottom, the Final Rule amends the definitions of certain terms with the ATF's regulations, such as "frame or receiver," and amends related ATF regulations on firearm markings and recordkeeping. Id. The Final Rule takes effect on August 24, 2022. Id.

Asserting a theme of unlawful and extreme federal agency overreach, Plaintiffs Morehouse Enterprises, LLC, d/b/a Bridge City Ordnance, Eliezer Jimenez, Gun Owners of America, Inc., and Gun Owners Foundation seek to enjoin the Final Rule from taking effect as scheduled and filed a motion for preliminary and/or permanent injunction, along with a motion for oral

argument.[1] Doc. Nos. 14, 19; Doc. No. 25. Defendants the ATF, the United States Department of

Justice, and ATF Director Steven M. Dettelbach (together, the "Defendants") oppose the motion.[2]

Doc. No. 43.  As explained below, the motion for injunctive relief is denied, and the motion for

oral argument is now moot.

## I.   <u>BACKGROUND</u>

The Plaintiffs are one individual, one business entity, two organizations, and seventeen

states. Doc. No. 22, ¶¶ 4-6, 11. Eliezer Jimenez ("Jimenez") is a firearms owner residing in Grand

Forks, North Dakota. <u>Id.</u> ¶ 4. Jimenez buys parts, "including unfinished frames or receivers, tools,

jigs, and other items to assist him in making firearms" from online retailers. <u>Id.</u>  Morehouse

Enterprise, LLC, d/b/a Bridge City Ordnance ("Bridge City") is located in Valley City, North

Dakota, and holds an active federal firearms license, deals in firearms, and its otherwise an entity

regulated by ATF. <u>Id.</u>

Gun Owners of America ("GOA") is a California non-stock corporation with its principal

place of business in Springfield, Virginia. <u>Id.</u> ¶ 5. "GOA was formed in 1976, to preserve and

defend the Second Amendment rights of gun owners." <u>Id.</u> GOA has more than 2 million members

and supporters across the country, including residents of this District. <u>Id.</u>  Gun Owners Foundation

---

[1] Plaintiff States Arizona, Alaska, Arkansas, West Virginia, Idaho, Indiana, Kansas, Kentucky, Louisiana, Missouri, Montana, Nebraska, Oklahoma, South Carolina, Texas, Utah, and Wyoming (collectively, the "Plaintiff States") joined the action via an amended complaint and also join the motion for preliminary injunction. Doc. No. 22. The Original Plaintiffs and Plaintiff States are collectively referred to as the "Plaintiffs."

[2] Four amici curiae parties submitted briefs joining the Defendants opposition to the motion – (1) Jonathan Gold, Gun Owners for Safety, Jason Perry, and Scott Spreier (Doc. No. 52); (2) District of Columbia, and States California, Colorado, New Jersey, Pennsylvania, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, New York, North Carolina, Oregon, Rhode Island, Washington, and Wisconsin (Doc. No. 65); (3) Gun Violence Prevention Groups (Doc. No. 66); and (4) Major Cities and Prosecutors Against Gun Violence (Doc. No. 84).

("GOF") is a Virginia non-stock corporation with its principal place of business in Springfield, Virginia. Id. ¶ 6. As alleged, "GOF was formed in 1983, and is organized and operated as a nonprofit legal defense and educational foundation[.]" Id.

Finally, seventeen states joined the action as Plaintiffs, including Arizona, Alaska, Arkansas, West Virginia, Idaho, Indiana, Kansas, Kentucky, Louisiana, Missouri, Montana, Nebraska, Oklahoma, South Carolina, Texas, Utah, and Wyoming. Id. ¶ 11a-11q. Each Plaintiff State is a sovereign state of the United States of America and alleges that it is suing "to vindicate its sovereign, quasi-sovereign, and proprietary interests, including its interests in protecting its citizens, businesses, and tax revenue." Id.

For the Defendants, the United States Department of Justice (the "DOJ") is an executive agency within the federal government of the United States. Id. ¶ 12. The DOJ is headquartered in Washington, D.C. and is the agency responsible for enforcing federal firearms laws. Id. The ATF, a component of the DOJ, is headquartered in Washington, D.C. and is delegated authority to enforce federal firearms laws. Id. ¶ 13. Lastly, Defendant Steven M. Dettelbach is the Director of ATF and is responsible for overseeing the agency's promulgation and enforcement of the challenged regulations. Id. ¶ 14.

## A.    The Statutory Framework

Congress passed the Gun Control Act of 1968 (the "GCA") to address concerns of firearms moving in interstate commerce.  18 U.S.C. §§ 921 et seq.  The GCA defined "firearm" to include "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive" and "the frame or receiver of any such weapon." Id. § 921(a)(3).  In the GCA, Congress did not define the terms "frame" or "receiver." Among other things, Congress also requires individuals and entities that import, manufacture, or deal in firearms to have a federal

firearms license (id. § 923(a)), to keep records of firearm acquisitions or transfers (id. § 923(g)(1)(A)), and to conduct background checks before transferring firearms to a non-licensee (id. § 922(t)).  It also requires licensed importers and manufacturers to identify firearms by serial number on the frame or receiver of the weapon.  Id. § 923(j).  As is typical and expected with federal statutes, Congress delegated the responsibility for administering and enforcing the GCA to the United States Attorney General, and Congress and the Attorney General, in turn, delegated to the ATF the authority to promulgate regulations "necessary to carry out the provisions of the GCA."  Id. § 926(a). Along these same lines, the responsibility for enforcement of the National Firearms Act of 1934 ("NFA") has been delegated to the Director of the ATF as well. See 26 U.S.C. § 7805.

Consistent with that delegation of authority, the ATF promulgated regulations as to the GCA.  One such regulation defined the statutory term "frame or receiver" to "provide guidance as to which portion of a firearm was the frame or receiver for purposes of licensing, serialization, and recordkeeping[.]"[3] 86 Fed. Reg. 27721 (May 21, 2022). The licensing, serialization, and record keeping "ensur[ed] that a necessary component of the weapon could be traced if later involved in a crime." Id. That definition, however, was promulgated 50 years ago. Id. Since that time, and unsurprisingly, there have been continued technological advancements in firearms manufacturing. Id.

---

[3] The former definition of "frame or receiver" was "that part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at is forward positions." Final Rule, Commerce in Firearms and Ammunition, 33 Fed. Reg. 18555, 18558 (Dec. 14, 1968) (codified at 27 C.F.R. § 478.11).

### B.      The NPRM and the Final Rule

In 2021, in an effort to update these decades-old definitions and account for the advancements in firearms technology, the ATF began the administrative rulemaking process.  To start, the ATF published a notice of proposed rulemaking (the "NPRM") on May 21, 2021. Id. at 27720. As required, the NPRM contained the regulatory text of the proposed rule. Id. at 27741-53. It explained the ATF sought to "amend[] [its] regulations to clarify the definition of 'firearm' and to provide a more comprehensive definition of 'frame or receiver' so that those definitions more accurately reflect firearm configurations not explicitly captured under the existing definitions[.]" Id. at 27725. The NPRM also "propose[d] new terms and definitions to take into account technological developments and modern terminology in the firearms industry, as well as amendments to the marking and recordkeeping requirements that would be necessary to implement these definitions." Id. Interested parties could submit comments on the proposed rule until August 19, 2021. Id. at 27720. In response to the NPRM, the ATF received over 290,000 public comments.

After considering the public comments, the ATF promulgated the Final Rule on April 26, 2022.  The summary of the Final Rule states, in part:

> The [DOJ] is amending [ATF] regulations to remove and replace the regulatory definitions of "firearm frame or receiver" and "frame or receiver" because the current regulations fail to capture the full meaning of those terms. The [DOJ] is also amending ATF's definitions of "firearms" and "gunsmith" to clarify the meaning of those terms and to provide definitions of terms such as "complete weapon," "complete muffler or silencer device," "multi-piece frame or receiver," "privately made firearm," and "readily" for purposes of clarity given advancements in firearms technology. Further, the Department is amending ATF's regulations on marking and recordkeeping that are necessary to implement these new or amended definitions.

Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (April 26, 2022) (to be codified at 27 C.F.R. pts. 447, 478, and 479). The Final Rule also includes an analysis

of the comments received on the NPRM and the ATF's responses. Id. at 24667-24727. As noted, the Final Rule is effective August 24, 2022. Id. at 24652.

     **C.**    **Procedural History**

     On July 5, 2022, the Plaintiffs initiated this action against the Defendants, alleging ten causes of action, including various violations of the Administrative Procedure Act ("APA") and several constitutional claims. At its heart though, the Plaintiffs allege the ATF exceeded its statutory authority, violated the rulemaking process, created new federal law, and violated certain constitutional rights in proceeding with the Final Rule, and they seek a preliminary injunction to stop the Final Rule from taking effect on August 24, 2022.

## II.   <u>LAW AND ANALYSIS</u>

     "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008). When considering a motion for preliminary injunction, the Court weighs the four factors set forth in <u>Dataphase Systems, Inc., v. C L Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981) (en banc): "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. at 114. The balance of harms and public interest factors merge when the government is the opposing party (see <u>Nken v. Holder</u>, 556 U.S. 418, 435 (2009)), and likelihood of success on the merits is the most important factor. <u>Brady v. Nat'l Football League</u>, 640 F.3d 785, 789 (8th Cir. 2011). The burden to demonstrate the necessity of a preliminary injunction rests with the movant. <u>General Motors Corp. v. Harry Brown's, LLC</u>, 563 F.3d 312, 316 (8th Cir. 2009).

Appellate Case: 22-2812    Page: 30    Date Filed: 08/26/2022 Entry ID: 5191925  August 25 2022 p 30

A.      **Likelihood of Success on the Merits**

Beginning with the first factor, the Plaintiffs assert they are likely to succeed on the merits because (1) the Final Rule violates the APA's notice and comment requirement; (2) the Final Rule is not in accordance with the law and conflicts with federal law; and, (3) the Final Rule is arbitrary and capricious. The Defendants argue the Plaintiffs have not demonstrated likelihood of success on the merits, and on the facts of this case, the Court agrees with the Defendants.

1.      **Notice and Comment Requirement**

To start, the Plaintiffs claim that the Final Rule should be enjoined because a proper notice and comment period did not take place.  More specifically, the Plaintiffs posit that the Final Rule is not a "logical outgrowth" of the ATF's NPRM.

It is a fundamental principle of administrative law that the rulemaking process must go through the "notice and comment" process detailed in 5 U.S.C. § 553. "To satisfy the APA's notice requirement, the NPRM and the final rule need not be identical[;]" however, a final rule must be "a 'logical outgrowth' of its notice." CSX Transp., Inc. v. Surface Transp. Bd., 584 F.3d 1076, 1079 (D.C. Cir. 2009). A final rule is a logical outgrowth "if interested parties 'should have anticipated' that the change was possible, and thus reasonably should have filed their comments on the subject during the notice-and-comment period." Id. at 1079-80.

Here, the NPRM expressly stated the ATF's intent to update and modernize the definition of "frame or receiver" because "most firearms currently in circulation in the United States do not have a specific part that expressly falls within the current 'frame or receiver' regulatory definitions." 86 Fed. Reg. at 27727. So, in the NPRM, the ATF started with a broad definition of "frame or receiver."  Then the ATF allowed a period of public comment beginning on May 21,

2021. And after reviewing and considering the over 290,000 comments offered by the public, including those comments from the Plaintiffs, the ATF narrowed its definition of "frame and receiver." It is difficult to conclude, under these facts, that the Final Rule is not a "logical outgrowth" of the NPRM.  Indeed, this appears to present a rather textbook example of how the administrative rulemaking process must proceed under the APA.

Effectively, the Plaintiffs argue they should have received a second opportunity at the proposed rulemaking process because they could not have anticipated the Final Rule's definition of "frame or receiver" and that there should have been a second comment period after the ATF narrowed the definitions.  But the law does not support such a claim.  "[I]n most cases, if the agency . . . alters its course in response to the comments it receives, little purpose would be served by a second round of comment." American Water Works Ass'n v. EPA, 40 F.3d 1266, 1274 (D.C. Cir. 1994). Importantly, the "logical outgrowth" test applies to consider "whether a new round of notice and comment would provide the first opportunity for interested parties to offer comments that could persuade the agency to modify its rule." Id. (emphasis added).  Here, the Plaintiffs had an opportunity to offer comments on the proposed definitions.  Moreover, because the Final Rule narrowed the definitions at issue in the NPRM, allowing Plaintiffs a new round of notice and comment would serve little purpose. Without question, the NPRM was sufficiently descriptive that the ATF was going to redefine "frame or receiver," and it allowed interested parties to offer informed criticism and comment.  Simply because the ATF did not adopt the Plaintiffs' exact proposed definitions does not mean the Final Rule is not a logical outgrowth of the NPRM or that the ATF violated the APA's notice and comment requirement.  As such, the Plaintiffs have failed to demonstrate likelihood of success on the merits of this claim.

### 2.     Accordance with the Law

Next, Plaintiffs argue the Final Rule is inconsistent with the statutory language of the GCA, which means the ATF exceeded the scope of its delegated authority. In response, the Defendants assert that the Final Rule falls well-within the ATF's agency rulemaking authority as delegated by Congress.  The Court agrees with the Defendants.

As discussed above, the Attorney General is generally responsible for enforcing the GCA, and Congress expressly delegated the responsibility for administration of the GCA to the Director of the ATF. See 18 U.S.C. 926(a); see Nat'l Rifle Ass'n v. Brady, 914 F.2d 475, 479 (4th Cir. 1990).  And to be sure, no one disputes the ATF's authority to develop rules to interpret and enforce the GCA.  Rather, the question is whether the Final Rule is inconsistent with and contradicts the plain language of the GCA itself.  Of course, if the Final Rule did contradict the plain language of the GCA, that would result in an agency effectively circumventing the intent of Congress.

#### a.     Definition of Firearm and "The" Frame or Receiver

According to the Plaintiffs, the Final Rule conflicts with the plain language of the GCA in several ways. For instance, 18 U.S.C. § 921(a)(3) defines "firearm" as the part that is "the frame or receiver of any such weapon[.]" (Emphasis added). The use of the word "the," per the Plaintiffs, suggests a singular object, where each "firearm" contains only ("the") one "frame" or one "receiver." The Plaintiffs say, however, that the Final Rule results in a regulatory scheme where firearms could have multiple frames or receivers.  However, after carefully reading the Final Rule itself, the Court disagrees.

While the NPRM contemplated that a firearm may have multiple components constituting a "frame or receiver," the Final Rule explicitly addresses this concern and states multiple times that only a single component for each weapon will constitute the frame or receiver.  87 Fed. Reg.

at 24683, 24688.  Indeed, the Final Rule states: "The [ATF] agrees with numerous commenters that the context of the singular terms 'frame' and 'receiver' in these provisions suggests that a firearm only has one frame or receiver." Id. at 24683. And, the Final Rule recognizes that the subparts of a multi-piece frame or receiver should be considered a single frame or receiver and requires such components to be marked with a serial number (and if sold together, with the same serial number). Id. at 24739.  Accordingly, while highly technical, the Final Rules appears to be consistent with the GCA in recognizing a single frame or receiver.

b.     Definition of Firearm and Weapon Parts Kits

The Plaintiffs next argue that the Final Rule's amended definition of "firearm" is inconsistent with the GCA because it includes "a weapon parts kit that is designed to or may readily be completed, assembled, restored, or otherwise converted to expel a projectile by the action of an explosive." Doc. No. 14 at 9-10. Notably though, the GCA itself defines "firearm" as "any weapon (including a starter gun) which will or is designed to <u>or may readily be converted to expel a projectile</u> by the action of an explosive[.]" 18 U.S.C. § 921(a)(3)(A) (emphasis added).

A plain reading of the GCA confirms that Congress defined "firearm" more broadly than simply a fully operational weapon, as the statute expressly includes items that "may readily be converted to expel a projectile." The language from the Final Rule—"completed, assembled, restored, or otherwise converted," as well as the weapon kits at issue—fit squarely within the GCA's "firearm" definition because after delivery, the kits are easily converted from mere parts into a weapon that expels a projectile. This interpretation mirrors existing Eighth Circuit Court of Appeals case law, which suggests a non-operational weapon, that can be made operational, qualifies as a firearm. See <u>United States v. Annis</u>, 446 F.3d 852, 857 (8th Cir. 2006). Accordingly,

10

the ATF did not act inconsistently with the GCA in considering weapon kits as firearms under federal law.

### c.  Definition of Frame or Receiver and "Readily"

The Plaintiffs further argue that the Final Rule's definition of "frame or receiver" is contrary to the GCA because it improperly uses the term "readily" from the statutory definition of "firearm." Doc. No. 14 at 9.  Critically though, the GCA does not define the term "frame or receiver," which leaves the regulation of what constitutes a frame or receiver to the discretion of the ATF.  In turn, the ATF's update of the definition of "frame or receiver" includes items that "may readily be completed, assembled, restored, or otherwise converted." From the Plaintiffs' perspective, this creates a "regulatory glob" that conflates the statutory definition of "firearm" with the regulatory definition of "frame or receiver."

Again, after reading the Final Rule, the Plaintiffs' argument misses the mark.  As an initial matter, the Final Rule does not improperly use the statutory term "readily."  To the contrary, and as noted above, adopting Plaintiffs' position would appear to contradict the plain language of the GCA, which clearly defined "firearms" more broadly than a fully operational weapon. Additionally, the relevant text of the Final Rule makes it clear that certain weapon parts kits (which are considered a weapon under 18 U.S.C. § 921(a)(3)(A)) and certain frame or receiver kits (which are considered a frame or receiver of a weapon because they can be "readily" converted to be a frame or receiver of a weapon under 18 U.S.C. § 921(a)(3)(B)), are considered firearms for different reasons. As the Plaintiffs point out, under the final rule, it is possible that a "frame or receiver" may be considered a firearm much sooner in the process than a "weapon."  But critically, the Plaintiffs have pointed to no provision of federal law foreclosing this possibility, and this

distinction cuts against the assertion that ATF has conflated the statutory definition of firearm with the Final Rule's definition of "frame or receiver."

### d.   Creation of New Federal Crimes

Next, the Plaintiffs claim the ATF exceeded its statutory authority because the Final Rule creates new crimes of "conspiracy" and "structuring transactions." Doc. No. 14. at 10. Curiously, however, nothing in the text of the Final Rule creates any new federal crimes.  As correctly noted by the Defendants, "conspiracy to violate" and "aiding and abetting" a violation of any underlying criminal offense have long been considered statutory violations. See 18 U.S.C. §§ 2, 371. Further, federal courts have already recognized crimes of conspiracy and aiding and abetting as violations of federal firearms laws. See United States v. Evans, 928 F.2d 858 (9th Cir. 1991); United States v. Moore, 109 F.3d 1456, 1464 (9th Cir. 1997); United States v. Garcia-Pena, 743 F.2d 1462, 1464 (11th Cir. 1984); Armament Servs. Int'l Inc. v. Att'y Gen. United States, 760 F. App'x 114, 120 (3d Cir. 2019). The Court further disagrees that the Final Rule creates a new crime of "structuring," as the Final Rule only provides that one cannot conceal their transfer of a disassembled firearm in more than one box or shipment, which is consistent with the intent of the GCA and within the scope of the ATF to regulate.

### e.   Creation of "Privately Made Firearm"

The Plaintiffs' next argument is that the Final Rule conflicts with the GCA because it creates the term "privately made firearm" ("PMF"), which is not mentioned in either the GCA or any existing regulations.  More to the point, the Plaintiffs assert that the ATF has improperly conjured up the term PMF to violate the rights of privately made firearm owners.  They argue the PMF definition conflicts with the GCA because "there is no federal prohibition on an individual

manufacturing his own firearm for personal use," and the GCA does not require PMFs be marked with serial numbers, as the Final Rule now requires. Doc. No. 14 at 10-11.

Again, the Plaintiffs' argument is based on an inaccurate and imprecise view and description of the Final Rule. In reality, the Final Rule does not prohibit any individual from manufacturing a firearm for personal use. PMFs are only implicated by the Final Rule to the extent it requires federal firearms licensees ("FFLs") to "legibly and conspicuously identify each" PMF that is taken into inventory within seven days of receipt or acquisition. 87 Fed. Reg. at 24742. Essentially, the Final Rule only requires FFLs[4] to serialize any unserialized PMF when it reaches the stream of commerce. Id. at 24746. Any suggestion the Final Rule prohibits manufacture or ownership of PMFs is misleading at best.  Relatedly, the Plaintiffs argue the PMF serialization requirement for FFLs creates a new federal crime of obliteration of a PMF serial number. However, the obliteration of a PMF serial number would be treated the same as obliteration of any firearm's serial number, which has long been a crime under federal law. See 18 U.S.C. § 922(k); 26 U.S.C. § 5861(h).

Further, while PMF is not a term included in the GCA or prior regulations, the Court fails to see any logic or authority for the proposition that the ATF cannot define a new term as necessary to enforce the GCA through regulation.  There is nothing in the GCA prohibiting the ATF from delineating between different categories of firearms to accomplish the goal of interpreting and enforcing the GCA.

---

[4] The Plaintiffs argue the Final Rule creates a new category of licensing of "dealer-gunsmiths" to "solely provide PMF marking services." However, the Court's reading indicates the Final Rule applies to all FFLs and requires these licensees to add the serial number prior to the PMF entering commerce.

In reality, the relevant distinction between a PMF and any other firearm is the lack of a serial number. The Final Rule does not require that all PMFs receive a serial number—it only requires a PMF entering commerce through an FFL to be given a serial number. While the Plaintiffs argue otherwise, the ATF's requirement to serialize PMFs entering the stream of commerce is consistent with its authority to take actions "necessary to carry out the provisions" of the GCA, as well as the narrower delegation of authority to regulate an FFL's "records of importation, production, shipment, receipt, sale, or other disposition of firearms" under § 923(g)(1). Without a serial number, PMFs become untraceable firearms—an outcome the ATF is well within its regulatory authority to prevent.

f.   Complete Muffler or Silencer Device

Next, the Plaintiffs argue that in creating a new definition for a "complete muffler or silencer device," the Final Rule essentially deletes the statutory requirements that a combination of parts constituting a silencer be "designed" and "intended" for that purpose. Doc No. 14 at 11. Instead, according to the Plaintiffs, the Final Rule would classify a silencer as any group of parts that merely "contains all the component parts necessary to function," which potentially criminalizes innocent ownership of countless innocuous household items. Id.

And once again, after reading the Final Rule, the Court disagrees. The definition of "complete muffler or silencer device" only pertains to "[a] firearm muffler or firearm silencer that contains all component parts necessary to function[.]" 87 Fed. Reg. at 24734 (emphasis added). Stated another way, the Final Rule only applies to items that already meet the definition of "firearm muffler" or "firearm silencer" under 18 U.S.C. § 921(a)(25), which specifically defines those terms, in part, as "any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler." As such, the "designed" and

14

"intended" statutory language from the GCA was simply incorporated into the Final Rule's definition.

Relatedly, the Plaintiffs also assert the Final Rule conflicts with the GCA in creating and defining a new statutory term of "firearm muffler or silencer frame or receiver." Doc. No. 14 at 11. The statutory definition of "firearm" includes "any firearm muffler or firearm silencer." 18 U.S.C. § 921(a)(3). Under the NFA, the ATF is specifically charged with issuing regulations regarding the identification of firearms. See 26 U.S.C. § 5842. Under 26 U.S.C. § 5842(a), "[e]ach manufacturer and importer and anyone making a firearm shall identify each firearm . . . by a serial number which may not be readily removed, obliterated, or altered . . . as [the ATF] may by regulations prescribe." 26 U.S.C. § 5842(a). As discussed, the Final Rule specifically seeks to identify firearms with a single serial number. 87 Fed. Reg. at 24723. Accordingly, a firearm muffler or firearm silencer must have a frame or receiver, so that manufacturers know which part must be serialized.

g.     National Gun Registry

Continuing on, the Plaintiffs next assert the Final Rule violates 18 U.S.C. § 926(a), which prohibits the Attorney General from promulgating any new regulations requiring the records that must be maintained under the GCA "be recorded at or transferred to a facility owned, managed, or controlled by the United States or any State or any political subdivision thereof," or establishing any "system of registration of firearms." Id.  Here, the Final Rule simply extends the period an FFL must maintain the records of its firearm sales from 20 years to the duration of the FFL's business. 87 Fed. Reg. at 24690  This extension does not create a new regulation requiring the recording or transfer of firearms records to a government facility and in no way results in a national

15

firearm registration. To make such assertions in the face of the plain text of the Final Rule certainly strains credibility. The Final Rule is consistent with 18 U.S.C. § 926(a).

h.      Repudiated Legal Test

Finally, the Plaintiffs argue the Final Rule is contrary to law because it is based upon a "repudiated legal test." Specifically, several comments received during the notice and comment period expressed concerns that the NPRM may potentially violate the Second Amendment. 87 Fed. Reg. at 24676. In response, the Final Rule included a brief statement positing that the rule was consistent with the United States Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008) because there are compelling governmental interests in the serialization of privately made firearms. Id. The Final Rule also discusses other cases that considered the Government's interest in regulating firearms. Id. However, as recently as two months ago, the Supreme Court declined to weigh the Government's interest in regulating firearms, which distinguishes Heller and its progeny, at least to some degree. See generally N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022).

As an initial matter, while not specifically argued by the Plaintiffs, the Court believes the ATF's response to the Second Amendment concerns brought up during the notice and comment period to the NPRM was sufficient. As noted in the Final Rule, concerns regarding constitutionality of the proposed rule were raised by multiple commenters. The ATF appropriately responded by indicating its belief that the proposed rule was consistent with Second Amendment jurisprudence at the time the Final Rule was drafted and explained why. It is difficult to fathom what more the ATF could have said in response at the time, as it could not have predicted the future development in the law.

Turning to the substance of <u>Bruen</u>, that case concerned an unconstitutional "proper cause" requirement for issuance of conceal and carry permits in the State of New York—quite distinguishable from the facts here. Nonetheless, the question is whether the Final Rule would pass constitutional muster post-<u>Bruen</u> where, as the Court reads <u>Bruen</u>, an individual's right to keep and bear arms for self-defense may not be arbitrarily denied by a state. From the outset, however, it is crucial to note the Final Rule concerns the <u>commercial sale of firearms</u>. The Final Rule does not infringe on <u>any</u> individuals' or business' ability to completely manufacturer a firearm for personal use, nor does it restrict the ability to obtain the weapon kits at issue. Instead, the Final Rule simply requires serialization of a firearm, when in the stream of commerce, so that it may be tracked in the event a crime is committed with the firearm. There is a longstanding distinction between the right to keep and bears arms and commercial regulation of firearm sales. <u>See</u> <u>District of Columbia v. Heller</u>, 554 U.S. 570, 626-27 (2008); <u>McDonald v. City of Chicago</u>, 561 U.S. 742, 786 (2010); <u>Bruen</u>, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (reiterating that many regulations of firearms, including commercial regulations, remain consistent with the Second Amendment). As such, in this Court's view, the Final Rule was and remains constitutional under the Second Amendment.

Despite the multitude of arguments to the contrary advanced by the Plaintiffs, the Court cannot conclude they have met their burden of showing the Final Rule is not in accordance with the law. As such, the Plaintiffs have not demonstrated a likelihood of success on these claims.

### 3. Arbitrary and Capricious

With that set of arguments resolved, the remaining merits arguments by the Plaintiffs focus on whether the Final Rule is arbitrary and capricious. The arbitrary and capricious standard "is a highly deferential standard of review." <u>Adventist Health Sys./SunBelt, Inc. v. HHS</u>, 17 F.4th 793,

803 (8th Cir. 2021). "[T]he role of courts in reviewing arbitrary and capricious challenges is to simply ensure that the agency has acted within a zone of reasonableness." Biden v. Missouri, 142 S. Ct. 647, 654 (2022). The reviewing court "defers to agency action so long as an agency examined the relevant data and articulated a satisfactory explanation for its action." Adventist Health Sys./SunBelt, 17 F.4th at 803. A court may not substitute its judgment for that of the agency Id. "[A]n agency rule [is] arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). The Plaintiffs argue the Final Rule has each of these "in spades." Doc. No. 14 at 15. However, after thorough review, the Court disagrees.

### a. Internally Conflicting

To begin, the Plaintiffs argue the Final Rule is not the product of reasoned decision-making because it is internally conflicting. A promulgated regulation is internally conflicting when it advances two diametric approaches to solve the same problem, reaches dissimilar results for nearly identical items, or is not a product of reasoned decision-making. See AFGE, Local 2924 v. FLRA, 470 F.3d 375, 380 (D.C. Cir. 2006).

First, the Plaintiffs allege the Final Rule presumes that any serialized part of a firearm is the firearm's frame or receiver, which may lead to situations where a firearm has multiple frames or receivers. As noted previously, the ATF modified the Final Rule and agreed with many commenters that there should be only one "frame" for a handgun, and only one "receiver" for a long gun. Though the Final Rule presumes the marked subparts of a multi-piece frame or receiver

18

to be parts of a weapon's "frame" or "receiver," when these subparts are assembled, they comprise a single frame or receiver. So, while undoubtedly technical, as the Court reads the Final Rule, a firearm can have but one frame or receiver, which is internally consistent.

Next, the Plaintiffs argue that after laying out the new regulatory definition of "frame or receiver," the Final Rule contains a "nonexclusive list" of firearms whose prior classifications conflict with that definition, yet are not overruled (Doc. No. 14 at 15), and that this will lead to significant confusion regarding whether certain firearms are subject to the Final Rule. Id. Nevertheless, the Final Rule states that all ATF classifications of existing complete frame or receiver designs that the agency determined before April 26, 2022, to be the firearm "frame or receiver" remain effective. See 87 Fed. Reg. at 24739. While again highly technical, as the Court reads the Final Rule, manufacturers can ensure compliance by determining whether the classification was issued before April 26, 2022, and whether the weapon was complete and assembled when it was submitted for the ATF's examination. Id. at 24739, 24741.

The Plaintiffs then argue the Final Rule is internally conflicting because of dissimilar treatment of functionally identical items, such as top/bottom "split" receivers (where only one portion is serialized) versus left/right "multi-piece" receivers (where both portions are serialized). Doc. No. 14 at 16. However, the Final Rule thoroughly explains the different treatment of split and multi-piece receivers, and the ATF's reasons for treating these two types of receivers differently for purposes of serialization.

A "split" frame or receiver typically has two different parts that house one or more fire control components, which are referred to as the "upper" and "lower" portions of the receiver. 87 Fed. Reg. at 24652, 24655. Under the Final Rule's definition of "frame" and "receiver," only one

19

of these two parts is the "frame" or "receiver." 87 Fed. Reg. at 24735. This is done so that the firearm will have only one serial number.

A "multi-piece" frame or receiver is one that can be disassembled into multiple modular subparts (i.e., standardized units that may be replaced or exchanged). 87 Fed. Reg. at 24671; 24739. The Final Rule includes a definition of "multi-piece frame or receiver," (id. at 24671), and explains which portion(s) of a multi-piece receiver needs to be serialized. 87 Fed. Reg. at 24747. In general, the outermost housing designed to house either the sear, the bolt, or breechblock must contain the serial number. Id. at 24747; see also id. at 24671-72. And if more than one outermost subpart is similarly designed to provide a structure for these components, each of those subparts must be identified with the serial number. Id. at 24671-72, 24747. Without this requirement, multi-piece frames or receivers could be broken down and sold as individual subparts and replaced without any traceable marks of identification. Id. at 24672. Given this distinction, the need for distinguishing between split and multi-piece frames is quite clear and appears to be the product of thoughtful and reasoned decision-making.

b.     Policy Shifts

Next, the Plaintiffs argue the ATF has failed to appropriately explain their significant policy shifts. An agency changing its position must "display awareness that it is changing position . . . and may sometimes need to account for prior factfinding or certain reliance interests created by a prior policy[.]" FCC v. Fox TV Stations, Inc., 556 U.S. 502, 503 (2009). However, [w]hen an agency reverses its prior policy, 'it need not demonstrate . . . that the reasons for the new policy are better than the reasons for the old one.'" Northport Health Servs. v. HHS, 14 F.4th 856, 875 (8th Cir. 2021). "[I]t suffices that the new policy is permissible under the statute, that there are

20

good reasons for it, and that the agency believes it to be better, which the conscious change of course adequately indicates." Id.

Here the Plaintiffs rekindle their argument regarding the definition of multi-piece frames or receivers as not being adequately explained for policy purposes. However, because the policy is that a multi-piece frame or receiver is defined as "a frame or receiver that may be disassembled into multiple modular subparts" (87 Fed. Reg. at 24739), requiring multiple, but identical, serial numbers on any subparts entering the stream of commerce is necessary if the ATF wishes to track the subparts when sold in piecemeal fashion. As the Court sees it, this adequately explains the unique serialization requirement of multi-piece frames or receivers.

The Plaintiffs then rehash their argument as to the use and definition of the term "readily" as it applies to unfinished 80% frames and receivers as being a significant shift in policy. The parties each go deep into detail regarding the alleged policy shift; however, such depth is unnecessary. Without a doubt, the Final Rule adequately explains the policy shift to regulate weapon kits more tightly, as these wholly untraceable weapons present serious challenges for law enforcement and the community. While the ATF's prior approach may have focused on the specific degree of machining related to the weapon kits, the goal of serializing the frames and receivers entering commerce fully explains any changes.

Further, the Plaintiffs assert the Final Rule makes the existing ATF classification system even worse by formally adopting a recent ATF policy change to refuse to classify numerous firearms related items and also creating a new requirement that the industry seek ATF guidance through submissions filed under penalty of perjury. Codification of the ATF's position regarding classification cannot be considered a change in policy as it has been the ATF's formal position since 2018. Compare ATF, Notice: Discontinuance of Accessory Classifications (last reviewed

21

Dec. 11, 2018) https://www.atf.gov/firearms/notice-discontinuance-accessory-classifications, with 87 Fed. Reg. at 24743.

Additionally, while the Final Rule does not explicitly explain the requirement of firearms classifications to be requested under penalty of perjury, it does stand to reason that these statements must be truthful to be considered. In any event, it is already a crime to "make any materially false, fictitious, or fraudulent statement or representation" or "mak[ing] or us[ing] any false writing or document knowing the same to contain" such a statement or representation "within the jurisdiction of the executive . . . branch" of the United States. 18 U.S.C. § 1001. As such, the requirement that individuals submit classification requests under penalty of perjury does not appear to be a significant change to the ATF's policy.

Finally, the Plaintiffs assert that the ATF has not previously considered certain parts kits that may readily be converted to functioning firearms to constitute "firearms" under the GCA and as such, has failed to properly explain and justify the new regulations in the Final Rule. Doc. No. 14 at 19-20. Along these same lines, the Plaintiffs argue the ATF has made a significant policy shift by regulating firearm parts instead of only frames and receivers. Id. As discussed above, a non-operational weapon which can be made operational already qualifies as a firearm under 18 U.S.C. § 921(a)(3)(A). As a result, regulating a non-operational kit that can be readily turned into an operational firearm is not a significant change. Further, any adjustments to the way these kits, or the parts they contain, are treated has been thoroughly explained. See 87 Fed. Reg. at 24652, 24688-89.

c.     Consideration of Comments

The final subset of Plaintiffs' arguments as to the Final Rule being arbitrary and capricious is that the ATF did not appropriately respond to relevant comments. As part of the APA's notice

and comment process, a federal agency is required to, "[a]fter consideration of the relevant matter presented . . . incorporate in the rules adopted a concise general statement of their basis and purpose." 5 U.S.C. § 553(c). Further, "although an agency 'need not address every comment' . . . 'it must respond in a reasoned manner to those that raise significant problems," and "the failure to respond to comments is significant [because] it demonstrates that the agency's decision was not based on a consideration of the relevant factors." Huntco Pawn Holdings, LLC v. United States DOD, 240 F. Supp. 3d 206, 219 (D.C. Cir. 2016) (citations omitted); see also Champion v. Shalala, 33 F.3d 963, 966 n.4 (8th Cir. 1994) (conducting the same analysis).

First, the Plaintiffs contend that their comment indicating the GCA authorizes licensed manufacturers and importers—but not licensed dealers—to mark firearms was not given proper consideration. However, in response to this assertion, the ATF explained that in enacting the GCA, Congress understood that persons and entities other than licensed manufacturers and importers may need to mark firearms. 87 Fed. Reg. at 24687. Further, the ATF has the authority to promulgate regulations necessary to enforce the GCA and requiring licensed dealers to mark PMFs is squarely within the ATF's regulatory authority. Id. The GCA requires FFLs to record firearm information for purposes of tracing, but as discussed, some PMFs have no serial number to record. Requiring licensed dealers—like licensed manufacturers and importers—to mark these firearms as they enter commerce is necessary to fulfill Congress's intent to allow for tracing of commercially sold firearms. Id. The Court finds the ATF's response appropriate and legally accurate.

Additionally, the Plaintiffs argue that the ATF did not adequately respond to a comment raising concerns that the Final Rule does not require the agency to notify the submitter of a voluntary classification request that the agency has accepted or rejected the request. However, the

ATF did respond and disagreed. 87 Fed. Reg. at 24709. The ATF explained that while it was willing to help individuals and entities achieve compliance, there is no requirement that they do so or that they complete the task in a certain timeframe. Id. at 24709-10. While the Plaintiffs may not like the response they received, the ATF did adequately respond and explain its position.

After considering all the arguments advanced by the Plaintiffs, the Court cannot conclude they have met their burden of showing the Final Rule is arbitrary and capricious.  As such, the Plaintiffs have not demonstrated a likelihood of success on these claims either.[5]

### B.    Remaining Preliminary Injunction Factors

Because the Plaintiffs are unlikely to succeed on the merits of their claims, consideration of the remaining factors is unnecessary.  See Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 737 (8th Cir. 2008) (en banc).  That said, the remaining factors (irreparable harm and the balance of equities and public interest) also weigh against a preliminary injunction.

 As to irreparable harm, the timeline for the filing of the motion for preliminary injunction gives the Court serious pause.  The ATF issued the Final Rule on April 26, 2022, and the Plaintiffs, given their activity in the notice and comment period, were certainly aware of the Final Rule when it was issued.  Nonetheless, the Plaintiffs waited until July 25, 2022 (or essentially three months) to file their motion for injunctive relief.  While not necessarily dispositive of the outcome, the delay here tends to weigh against a finding of irreparable harm. Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 894 (8th Cir. 2013); Adventist Health Sys./SunBelt, Inc. v. United States Dep't of Health & Hum. Servs., 17 F.4th 793, 806 (8th Cir. 2021).

---

[5] While the amended complaint also advances several constitutional claims, neither party raised or argued these claims in their briefing on the motion currently before the Court. As such, the Court declines to address these claims any further but to note that it independently reviewed each claim in this case.

24

Setting the timing issue aside, the irreparable harm alleged by the Plaintiffs largely consists of arguments that the Final Rule is vague, will cause uncertainty, and will result in businesses needing to "revamp business practices" and stop selling certain products. Doc. No. 14 at 25. However, uncertainty because of a new federal regulation certainly does not constitute irreparable harm, and "ordinary compliance costs are typically insufficient to constitute irreparable harm." Freedom Holding, Inc. v. Spitzer, 408 F.3d 112, 115 (2d Cir. 2005); see also Am. Hosp. Ass'n v. Harris, 625 F.2d 1328, 1331 (7th Cir. 1980). Indeed, much of the alleged irreparable harm is entirely speculative and is not the type of "great" harm that constitutes irreparable harm for the purposes of a preliminary injunction. Roudachevski v. All–Am. Care Ctrs., Inc., 648 F.3d 701, 706 (8th Cir. 2011) (harm must be certain and great and of such imminence that there is a clear and present need for equitable relief). Thus, the Court concludes the Plaintiffs have not met their burden to demonstrate irreparable harm.

The final factor, balance of the equities and public interest, is perhaps a closer call, but given the failure to demonstrate likelihood of success on the merits and irreparable harm, the Court concludes this final factor also weighs against injunctive relief. The rather speculative risk of harm to the Plaintiffs, on the one hand, does not outweigh the harm to the ATF's interest in law enforcement and public safety, on the other. Moreover, there would be consequences to the public as well if the Final Rule is enjoined. See Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (courts must consider the public consequences when deciding whether to employ the extraordinary remedy of injunction).

In conclusion, the Plaintiffs have failed to demonstrate likelihood of success on the merits and irreparable harm. Accordingly, the balance of the Dataphase factors weigh against injunctive relief, and the Court denies the Plaintiffs' motion for a preliminary and/or permanent injunction.

25

###### C.      Corrections to the Final Rule

Finally, on August 22, 2022, the ATF issued corrections to the Final Rule (the "Corrections"), explaining that "[d]ue to the complexity of this rulemaking process and the resulting significant number of comments and revisions in response, the final rule inadvertently contained some technical errors in the regulatory text that this document corrects." Definition of "Frame or Receiver" and Identification of Firearms; Corrections, 87 Fed. Reg. 51249 (August 22, 2022). The Corrections list eight technical errors, noting it "corrects those technical errors <u>before</u> the final rule's effective date." <u>Id.</u> (emphasis added). That same day, Plaintiffs filed a "Supplemental Memorandum In Response to ATF's Notice of Amended Regulations," arguing that the ATF has failed to publish its corrections as required by the APA, among other things. Doc. No. 83 at 2 (citing 5 U.S.C. § 553(d)).

The Court has independently reviewed the Corrections and disagrees. Here, the Corrections were issued before the Final Rule's effective date and are simply a correction of technical or clerical errors. Accordingly, as the Court sees it, the Corrections are a logical outgrowth of the proposed rule and do not trigger a new notice and comment period. Nevertheless, assuming *arguendo*, that the Plaintiffs are correct, and the Corrections violated the notice and comment period of the APA, the Plaintiffs have failed to cite any authority that this would lead to invalidation of the entirety of the Final Rule. To the contrary, the cases cited by Plaintiffs appear to support a finding that, at best, only the Corrections would be invalidated. <u>See</u> <u>Util. Solid Waste Activities Grp. v. E.P.A.</u>, 236 F.3d 749, 755 (D.C. Cir. 2001) ("Finding the amendment, as opposed to the rule, violated the APA's procedural requirement—the Court set aside the amendment). Additionally, within the context of the preliminary injunction, as these changes are merely technical, they have no substantive impact on the outcome of the Court's decision.

III.     **CONCLUSION**

Without a doubt, this case presents divisive issues that all parties care about deeply and that are of national concern and importance, as demonstrated by the participation of nearly every state in this country in this action.  Nevertheless, the Court's role and responsibility remains the same—to apply the law to the facts (and not the arguments or policy) of each case.  After doing so here, the balance of the Dataphase factors do not weigh in favor of granting the Plaintiffs a preliminary injunction.  Accordingly, the motions (Doc. Nos. 14 and 19) are **DENIED**, and the Court **FINDS AS MOOT** the Plaintiffs' motion for oral argument (Doc. No. 25).

**IT IS SO ORDERED**.

Dated this 23rd day of August, 2022.

_/s/ Peter D. Welte_____
Peter D. Welte, Chief Judge
United States District Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

MOREHOUSE ENTERPRISES, LLC )
d/b/a BRIDGE CITY ORDNANCE, et al., )
 ) Case No. 3:22-cv-00116-PDW-ARS
 Plaintiffs, )
 )
v. )
 )
BUREAU OF ALCOHOL, TOBACCO, )
FIREARMS AND EXPLOSIVES, et al., )
 )
 Defendants. )
 )
_____)

## NOTICE OF APPEAL

Come now Morehouse Enterprises, LLC d/b/a Bridge City Ordnance, Eliezer Jimenez, Gun Owners of America, Inc. and Gun Owners Foundation ("Plaintiffs"), and hereby appeal to the United States Court of Appeals for the Eighth Circuit, from the Opinion and Order denying Plaintiffs' Motion for Preliminary and/or Permanent Injunction [Docket No. 85] entered on August 23, 2022.

Dated: August 25, 2022

*/s/ Robert J. Olson*
Robert J. Olson (VA # 82488)
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh (MS # 102784)
Stamboulieh Law, PLLC
P.O. Box 428

Olive Branch, MS 38654 601-852-3440 (T)
stephen@sdslaw.us

Robert B. Stock (ND # 05919)
Vogel Law Firm
218 NP Avenue
Fargo, ND  58107-1389
701-237-6983 (T)
701-237-0847 (F)
rstock@vogellaw.com

For service: rbslitgroup@vogellaw.com

*Counsel for Plaintiffs Morehouse Enterprises, LLC, d/b/a Bridge City Ordnance, Eliezer
Jimenez, Gun Owners of America, Inc., and Gun Owners Foundation*

## <u>CERTIFICATE OF SERVICE</u>

I Stephen D. Stamboulieh, hereby certify that I have on this day, caused the foregoing document or pleading to be filed with this Court's CM/ECF system, which caused a notice of the filing and a true and correct copy of the same to be delivered to all counsel of record.

Dated: August 25, 2022.

<u>/s/ Stephen D. Stamboulieh</u>
Stephen D. Stamboulieh

Rev. 5/2017

## U. S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

*Please note any additions or deletions to the style of the case from the style listed on the docket sheet.*

Case No.  3:22-cv-116

Morehouse Enterprises, LLC et al v. Bureau of Alcohol, Tobacco, Firearms and Explosives et al

Length of trial:  None

Financial Status:    Fee Paid?                                          ☑ Yes          ☐ No
                     If **NO**, has IFP been granted?                   ☐ Yes          ☐ No
                     Is there a pending motion for IFP?                 ☐ Yes          ☑ No

Are there any other pending post-judgment motions?                     ☐ Yes          ☑ No

Please identify the court reporter:        ☐ No hearings held

      Name:  Kelly Kroke

      Address:  655 1st Avenue North, Fargo ND 58102

      Telephone Number:  701-297-7000

Criminal cases only:
      Is the defendant incarcerated?        ☐ Yes (include address below)          No ☐

      Please list all other defendants in this case if there were multiple defendants.

**SPECIAL COMMENTS:**