
# Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

December 30, 2022

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: *Morehouse Enterprises, LLC, et al. v. Bureau of ATF, et al.*, Case No. 22-2812

Dear Mr. Gans:

ATF's attached December 27 "Open Letter" purports to apply the Rule challenged here to certain incomplete firearm frames. ATF's Letter alleges that certain "partially complete, disassembled, or nonfunctional semiautomatic striker-fired pistol frames or parts kits … 'may readily be completed, assembled, restored, or otherwise converted' to a functional frame," and accordingly constitute firearms "even without any associated templates, jigs, molds, equipment, tools, instructions, guides, or marketing materials." The Letter thus confirms ATF's plans to apply the Rule even more aggressively—and inappropriately—than expected.

First, the Letter prohibits "remov[al]" of "any material" from what ATF calls "the front and rear fire control cavities" on an incomplete frame. Letter at 6, Figure 5. But such frames are made by injecting liquid plastic or polymer into a mold—no "material" ever exists in these "cavities" for "remov[al]." The Letter thus requires manufacturers to change the manufacturing process to *add* material to an incomplete frame to prevent ATF from arbitrarily classifying it as a firearm.

Second, although the Letter claims to apply the new concept of "readily" from the Rule's definition of "frame or receiver," it actually applies ATF's old standard for analyzing incomplete frames, focusing on the presence or absence of specific milling operations (the absence of material in so-called "fire control cavities"). *Id.* at 3. Opening Br. 17-18. Thus, ATF's first public implementation of the Rule conflicts with the Rule.

Third, under ATF's Letter, an item arbitrarily becomes a firearm based on *only* the presence of completed "fire control cavities," even if it cannot otherwise be "readily completed" into a finished frame, demonstrating how the Rule's vague definition of "frame or receiver" empowers ATF to arbitrarily target disfavored products.

Fourth, the Letter is inconsistent with the Rule, which shows that a blank sold without other items is "[n]ot a receiver." 27 C.F.R. § 478.12(c). This demonstrates how the Rule is impossible to understand and follow—an impermissible feature in criminal law. Opening Br. at 47.

The district court should have enjoined the Rule before the agency employed it to impose imminent and irreparable harms like these.

Sincerely yours,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

cc: All counsel of record (CM/ECF)