
# Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

March 21, 2023

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

    Re:    *Morehouse Enterprises, LLC, et al. v. Bureau of ATF, et al.*, Case No. 22-2812

Dear Mr. Gans:

    Gun Owners of America, Inc. ("GOA"), a plaintiff in this matter, recently located the attached document, a 2017 ATF classification letter which previously has not been made available to the public, but which was released by Defendant ATF in response to a Freedom of Information Act request submitted by GOA.

    This 2017 document examines a group of items that are suspected of being silencer parts, including "eight unmodified automotive type freeze plugs, a blue plastic disc approximately 1-5/8 inches in diameter with a centrally located hole approximately I-5/16 inches in diameter and a piece of paper containing instructions for marking the center of the freeze plugs."

    Although this collection of parts contained an item designed to allow the creation of silencer parts (i.e., a "template" or "jig"), and also "instructions" for manufacturing automotive parts into silencer baffles, ATF nevertheless concluded that "Exhibit 3 is not subject to regulation under the provisions of the GCA or NFA" because "these devices ... have not reached the stage of manufacture to be considered a silencer or silencer parts...."

    Meanwhile, the Final Rule challenged in this case claims that incomplete and unfinished 80 percent firearm frames and receivers, when combined with "instructions, guides, templates, [or] jigs," constitute "firearms" under the Gun Control Act. FR at 24663.

The government in this case claims that "ATF ... previously 'did not examine templates, jigs, or other items and materials'" when classifying firearms. Response Br. at 38. However, the attached 2017 letter undermines this claim, as ATF specifically examined precisely such additional materials as suspected silencer parts and, in spite of them, concluded that the parts were not regulated by federal law.

Sincerely yours,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

cc: All counsel of record (CM/ECF)