
# Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

March 22, 2023

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

      Re:    *Morehouse Enterprises, LLC, et al. v. Bureau of ATF, et al.*, Case No. 22-2812

Dear Mr. Gans:

On March 19, 2023, the U.S. District Court for the Northern District of Texas issued a preliminary injunction against portions of the Final Rule. *Polymer80, Inc.* v. *Garland, et al*, 23-cv-29 (N.D.TX) ECF #27 (attached). The court found that "[t]he Final Rule's redefinition of 'frame or receiver' conflicts with the statute's plain meaning," noted that "the Gun Control Act does not cover all firearm parts," and concluded "[t]hat which *may become* a receiver is not itself a receiver." *Id.* at 12. As to "weapon parts kits," the court concluded that "ATF has no general authority to regulate weapon parts," finding that the Rule "expand[s] ATF's authority beyond the boundaries set by the Act." *Id.* at 16.

Finally, the court rejected as "not persua[sive] … the fairly cursory statutory analysis" provided by the district court in this case as "not reflect[ing] 'the level of rigor that usually accompanies statutory interpretation' … because it does not meaningfully engage Congress' precise treatment of particular statutory terms." *Id.* at 14.

Two days after that injunction, ATF struck back, lashing out at the firearm industry in a so-called "Public Safety Advisory" ("PSA") (attached). Rather than "advising," the PSA makes vague threats in an effort to control lawful activities by intimidation. The PSA claims that "some suppliers of partially complete frames or receivers appear to be structuring their transactions or coordinating with other persons to sell" items that ATF believes are illegal under the Rule. The PSA threatens

that "ATF will prioritize investigations" into such activities, and asks the public "to report potential unlawful conduct to ATF." *Id.* at 1.

      The PSA then claims that suppliers of unfinished firearm parts may be engaged in criminal activities if "other" persons provide "information" such as "internet links" that "enable ready completion or assembly of the unfinished frame or receiver into a functional firearm." *Id.* at 3. The PSA does not explain how criminal liability could attach based merely on "information" provided by *others* — "information" which an industry member might not even be aware. The PSA further highlights the intent to enforce the Rule arbitrarily and capriciously.

      Sincerely yours,

      */s/ Stephen D. Stamboulieh*
      Stephen D. Stamboulieh

cc: All counsel of record (CM/ECF)