

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Room 7252
Washington, DC 20530

Tel: 202-514-0664

VIA CM/ECF

March 23, 2023

Michael E. Gans
Clerk of Court
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

    RE:    *Morehouse Enterprises, LLC v. ATF,* No. 22-2812 (8th Cir.)

Dear Mr. Gans:

    We write to respond to Gun Owners of America's (GOA) recent letters.

    The March 21 letter asserts that an August 2017 classification, issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and produced in July 2022 (letter attached), indicates that ATF previously considered instructions when issuing classifications. This assertion is both incorrect and beside the point.

    Although instructions were submitted with certain parts, the text of the classification makes clear that ATF did not consider those instructions in issuing the classification. Regardless, that would not conflict with the statements at p. 38 of the government's brief, which concern whether the "aggregation of a template or jig with a partially complete frame or receiver" enables the ready completion of a functional frame or receiver, 87 Fed. Reg. 24,652, 24,668, not whether certain items are silencer parts or a firearm silencer.

    Plaintiffs' letter also does nothing to advance their contention that the district court abused its discretion in denying the requested preliminary injunction. Whether or not ATF previously considered instructions, ATF has now clarified that, under the Gun Control Act, partially complete frames and receivers are firearms if they may

readily be converted to functional form; determining whether such frames or receivers are "readily converted" properly considers whether the partially complete component is coupled with instructions for completion. As explained in the government's brief, the Final Rule's clarification is fully consistent with the terms of the statute, and—along with failing to demonstrate that the equities favor injunctive relief—plaintiffs have therefore failed to demonstrate a likelihood of success on the merits.

GOA's March 22 letter is no more persuasive. The reasoning of the Northern District of Texas is flawed, as explained in the government's brief. Nor does it assist GOA to point to the recently issued Public Safety Advisory. GOA misinterprets the relevant paragraphs; ATF simply explained that in considering whether any specific partially complete frame or receiver may be "readily" converted to functional form, ATF examines marketing materials provided to the customer by the distributor or supplier.

Sincerely,

/s/ *Abby C. Wright*
Abby C. Wright
Counsel for Appellees

Cc: counsel via CM/ECF



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

July 29, 2022 REFER TO: 2021-0453

<u>VIA Email:</u> wjo@mindspring.com

Dear Mr. Olson:

This responds to your Freedom of Information Act (FOIA) request dated April 21, 2021, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on the same day, in which you requested records concerning the following:

(1) All ATF classification letters, reports of technical examination, technical bulletins, or similar records classifying or otherwise discussing "solvent traps" 2 or "fuel filters" or otherwise discussing at what stage of manufacture an item becomes a "silencer" or "suppressor" or "firearm muffler;"

(2) All ATF classification letters, reports of technical examination, technical bulletins, or similar records classifying or otherwise discussing items referred to as the following: "80% receiver," "80% finished" frame or receiver, "80% complete" frame or receiver, "unfinished receiver," a "firearm parts kit," or "weapon parts kit" that includes an unfinished frame or receiver, or otherwise discussing at what stage(s) of manufacture an item becomes a "frame or receiver" under federal law;

(3) All ATF classification letters, reports of technical examination, technical bulletins, or similar records classifying or otherwise discussing whether a firearm's upper frame/receiver/housing, versus lower receiver/frame/housing, versus other part such as a barrel or bolt, constitutes a "frame or receiver" and thus a "firearm" under federal law, including but not limited to firearm models such as the AR-15, the FNC, the Safety Harbor Firearms SHTF50, the FAL, and the FMK3;

(4) All ATF classification letters, reports of technical examination, technical bulletins, or similar records classifying or otherwise discussing whether a firearm can have more than one "frame or receiver" under federal law; and

(5) All ATF classification letters, reports of technical examination, technical bulletins, or similar records classifying or otherwise discussing how the addition of unregulated firearm parts or jigs or tools to a "kit" containing an unfinished frame or receiver leads to

Mr. Robert Olson

a classification of the entire "kit" as a firearm where it otherwise would not be classified as a firearm without the additional unregulated parts or jigs or tools.

This is a rolling production and this is **Release Seven**. In response to your request, we have processed a total of 292 pages of responsive material.

At this time, the investigation is ongoing. Therefore, your request is denied pursuant to 5 U.S.C. § 552(b)(7)(A). Exemption (b)(7)(A) authorizes agencies to withhold investigatory records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. Please be advised that we considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

You requested tax return information that is not related to you. This information is exempt from disclosure pursuant to Exemption (b)(3) of the FOIA and 26 U.S.C. § 6103 of the Internal Revenue Code.

Exemption (b)(3) of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met: the statute either (1) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (2) establishes particular criteria for withholding or refers to particular types of matters to be withheld. Thus, a statute falls within the exemption's coverage if it satisfies either one of its disjunctive requirements.

26 U.S.C. § 6103 governs the disclosure of tax returns and tax return information collected pursuant to the Internal Revenue Code. Under the Internal Revenue Code, information qualifying as tax return information, which includes but is not limited to a taxpayer's identity; the nature, source or amount of the taxpayer's income; as well as deductions and exemptions, is prohibited from disclosure to any party not entitled to receive it under the permissible disclosures outlined in section 6103. Because the 26 U.S.C. § 6103 restrictions satisfy all the requirements of FOIA Exemption (b)(3), I am withholding the tax return data pursuant to 5 U.S.C. § 552 (b)(3) and 26 U.S.C. § 6103 of the Internal Revenue Code. Please be advised that I considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

We are withholding third party information, including the names of ATF employees, under FOIA Exemption (b)(6). To disclose personal information about a living individual to a member of the public, we need the written consent from the persons whose information you requested. Without written consent, proof of death, or an overriding public interest, personal information is exempt from disclosure under the FOIA. The FOIA does not require agencies to disclose information that would constitute a clearly unwarranted invasion of the personal privacy of third parties (5 U.S.C. § 552(b)(6)). Please be advised that I considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

We are withholding third party information, including the names of ATF employees, pursuant to Exemption (b)(7)(C) of the FOIA. Exemption (b)(7)(C) permits the withholding of information compiled for law enforcement purposes that "could reasonably be expected to constitute an

Mr. Robert Olson

unwarranted invasion of personal privacy." The public interest in disclosure is limited to the FOIA's core purpose of shedding light on an agency's performance of its statutory duties. The public interest under Exemption (b)(7)(C) must be both significant and compelling in order to overcome the legitimate personal privacy interests of a third party. In this matter, the disclosure would not serve the core purpose of the FOIA but would serve as an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(7)(C). Please be advised that I considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison, Zina Kornegay, at (202) 648-7390, for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Adam C. Siple
Chief
Information and Privacy Governance Division

Enclosure