
# Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

July 5, 2023

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

      Re:    *Morehouse Enterprises, LLC, et al. v. Bureau of ATF, et al.*, Case No. 22-2812

Dear Mr. Gans:

On June 30, 2023, the U.S. District Court for the Northern District of Texas granted summary judgment in favor of the plaintiffs in *VanDerStok, et al. v. Garland, et al.*, 4:22-cv-00691-O (N.D.TX), and vacated the Final Rule, "conclud[ing] that the ATF has clearly and without question acted in excess of its statutory authority…." *Id.*, ECF #227 at 23 (attached).

First, with respect to incomplete and unfinished firearm frames or receivers, the *VanDerStok* court concluded that the Final Rule unlawfully "expands ATF's authority over parts that may be 'readily converted' into frames and receivers," whereas "Congress limited ATF's authority to 'frame and receivers' as such." Op. at 24. The court made clear that "[a] part that has yet to be completed or converted to function as frame or receiver is not a frame or receiver." *Id.* at 29. *Cf.* Opening Brief at 20-23.

Second, with respect to weapon parts kits, the *VanDerStok* court found that the Rule's "attempt to regulate weapon parts kits lacks statutory support," rejecting ATF's claim that such kits can be "readily converted" into firearms, explaining that, under the statutory definition of "firearm," "a firearm is first and foremost a *weapon*," whereas "weapon parts [] are not 'weapons'…." Op. at 25, 34. *Cf.* Opening Brief at 17. The *VanDerStok* court then acknowledged that Congress "could have included firearm parts that 'may be readily converted' to frames or receivers, as it did with 'weapons' that 'may readily be converted' to fire a projectile," but noted that "Congress did not" do so. Op. at 27, 33-34. *See* Opening Brief at 15-16 (explaining

the term "readily" applies only where it appears in the statute). Noting that only "specific weapon parts" are covered under the GCA – "the frame or receiver of any such weapon" – the *VanDerStok* Court noted that, "when Congress sought to regulate parts of weapons, it did so meticulously." Op. at 30.

At bottom, the *VanDerStok* court vacated the Rule, because "illegitimate agency action is void *ab initio* and therefore cannot be remanded as there is nothing for the agency to justify." Op. at 36-37.

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

cc: All counsel of record (CM/ECF)