

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

August 4, 2023

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

    Re:    *Morehouse Enterprises, LLC, et al. v. Bureau of ATF, et al.*, Case No. 22-2812

Dear Mr. Gans:

    On August 1, 2023, the U.S. Court of Appeals for the Fifth Circuit ruled in favor of the plaintiff-appellants in *Mock v. Garland*, No. 23-10319, 2023 U.S. App. LEXIS 19846 (5th Cir. Aug. 1, 2023) ("Op."), reversing a district court's denial of preliminary injunction against an ATF Final Rule, Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6478 (Jan. 31, 2023) (the "Brace Rule").

    In so doing, the *Mock* court found the Brace Rule to be a legislative rule subject to the logical-outgrowth test, which it failed, in violation of the APA. *See* Op. at *34, *44. Similar to the Final Rule here, the Brace Rule inappropriately expanded the reach of federal law, dragging previously unregulated firearm products and conduct within the purview of federal criminal laws. *See id.* at *27–28 ("The [Brace] Rule affects individual rights, speaks with the force of law, and significantly implicates private interests. Thus, it is legislative in character."); *cf.* Private Plaintiffs-Appellants' Opening Brief at 47 ("The Final Rule creates new federal crimes from thin air.").

    While the Brace Rule NPRM contemplated a decipherable, albeit flawed, arbitrary "point-scoring worksheet" to determine regulatory-statutory compliance, after receiving hundreds of thousands of negative comments, the final Brace Rule dispensed with the NPRM worksheet entirely and instead adopted an amorphous and subjective factorial test that only ATF knew how to conduct. *See* Op. at *41–42; *cf.* Opening Brief at 41 ("ATF operates its classification system without any fixed rules or standard operating procedures....").

Because of the significant deviations between rule versions, the *Mock* court found the final Brace Rule was not a logical outgrowth of its NPRM. Consequently, this timely analysis of another ATF rule is instructive in the instant case, where the Final Rule suffers from similar deficiencies. *See* Opening Brief at 14 n.1 ("The Final Rule's definition of 'frame or receiver' represents a dramatic departure from the definition originally proposed in the NPRM...."); *id.* at 53 ("departing in unforeseeable, substantive, and important ways"); *id.* ("striking divergence between that proposal and the Final Rule").

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh

cc: All counsel of record (CM/ECF)