

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7260
Washington, D.C. 20530-0001

Tel: (202) 514-3388

August 11, 2023

**By CM/ECF**

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63103

    Re:    *Morehouse Enterprises, LLC v. Bureau of ATF*, No. 22-2812
             *State of Arizona v. Bureau of ATF*, No. 22-2854
             (argued March 14, 2023)

Dear Mr. Gans:

    We write to respond to plaintiffs' letters of July 5, July 25, and August 4, concerning developments in *VanDerStok v. Garland*, No. 23-10718 (5th Cir.), and *Mock v. Garland*, No. 23-10319 (5th Cir.).

    First, the *VanDerStok* district court recently held that the Rule's updates to the regulatory definitions of "frame and receiver" and "firearm" were contrary to law and vacated the Rule. That opinion generally repeated the court's reasoning from an earlier preliminary injunction opinion that was cited extensively in plaintiffs' opening brief and whose arguments the government has already addressed. *See* Private Plaintiffs' Br. 15-23; Response Br. 19-21, 23-24. In addition, the Supreme Court has stayed pending appeal the district court's vacatur of the Rule. *See Garland v. VanDerStok*, No. 23A82 (Aug. 8, 2023).

Second, in *Mock*, the Fifth Circuit concluded that a different ATF rule was not a logical outgrowth of the NPRM. Op. 32-38. Although the government respectfully disagrees with the Fifth Circuit's analysis, *cf.* Op. 43-58 (Higginson, J., dissenting), even on its own terms, it provides no reason to conclude that plaintiffs here can succeed on their logical-outgrowth challenge to a different Rule. The *Mock* court believed that the NPRM and rule in that case bore "little resemblance to one another" because the NPRM "centered entirely" on a worksheet that "determined, by an extensive point system, whether a firearm was a 'rifle' under the" relevant statute, while the adopted rule "replaced" the worksheet "with a six-factor test based on almost entirely subjective criteria." Op. 32-33. And the court held that plaintiffs were prejudiced because "they could not comment on the specifics of the Final Rule" and they had suggested "a number of comments they would have liked to have made." Op. 37 & n.58. But here the NPRM and Rule bore a tight nexis to each other, with the Rule narrowing the proposed definition of "frame or receiver" in response to comments. Response Br. 38-40. And, regardless, plaintiffs have not demonstrated prejudice because they have not identified any specific comment they would have submitted if the NPRM had proposed the Rule's narrower definition. Response Br. 42-44.

Sincerely,

Abby C. Wright

/s/ Sean R. Janda
SEAN R. JANDA
   Attorneys
   Civil Division, Appellate Staff
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Room 7260
   Washington, D.C. 20530
   (202) 514-3388